PER CURIAM.
This matter is before the court on the petition of Sugar Cane Growers Cooperative of Florida, a Florida cooperative, and Farrel-Birmingham, a Connecticut corporation, petitioners, for writ of certiorari to quash an order of the Florida Revenue Commission, respondent, making a deficiency levy for sales and use tax under Chapter 212, F.S.A., against said petitioners in the amount of $74,330.14. The respondent paid said amount, and seeks refund under the provisions of the Administrative Procedure Act, § 120.31, F.S.A.
The Cooperative contracted with Farrel-Birmingham on a cost-plus basis for the construction of a sugar mill. Farr el, as contractor, made monthly tax returns on items which it considered taxable, and on items which it considered within the exemption granted by F.S.A. 212.08(4) returns were made every six months on the basis of a maximum tax of $1,000. The question before the court is an interpretation of said § 212.08(4) as enacted by Chapter 57-398, Laws of Florida (1957) ,[1] This subsection *395 'of the statute is a codification of the previous laws and regulations on this subject.
The contract provides that the “owner (Cooperative) shall purchase from contractor (Farrel) and contractor shall sell to owner all necessary materials, machinery and equipment required for the Glades Sugar House.” The contract then fixes limitations on the contractor in placing subcontracts for such materials, equipment and machinery by giving the owner control of the price that the contractor may pay for such items.
The first part of this contract would seem to be a supplier contract but the second part giving the owner control of what the contractor shall pay for the personal property and what the contractor shall charge the owner for the resale are indications that the contract is not a “single transaction” from a supplier. From this, and the facts that title remained in the Cooperative; that the Cooperative advanced funds to the contractor to pay for anticipated purchases; that possession was delivered by the manufacturer or wholesaler to the Cooperative in care of the contractor; that any discounts, rebates, refunds or other price variables accrued solely to the benefit of the Cooperative; that all items purchased by Farrel were billed to the Cooperative at Farrel’s exact cost; that the Cooperative carried insurance on the items purchased; that the warranties by the supplier to Far-rel were made not to Farrel but direct to the Cooperative; and that in the event of bankruptcy the Cooperative could take possession of all equipment, the project is clearly not a “single transaction” purchased from one supplier.
After the contract was entered into, the parties agreed to additional general provisions which specifically identify the Cooperative as the owner, the buyer as Far-rel and the word “supplier” to mean the person, firm or corporation with whom or with which the order is placed.
Perhaps most important of all, all the original purchase orders issued by Farrel for the job were placed as “agent for Sugar Cane Growers Cooperative of Florida,”" and this procedure continued almost six. months until Farrel instructed the manufacturers to amend all prior orders to show Farrel as a dealer instead of as agent for the owner.
Under these circumstances and in consideration of the fact that the fee paid! to Farrel was for construction of the sugar mill, Farrel was either an independent contractor or an agent of the owner. Farrel doesn’t claim to be an independent contractor because this wouldn’t help him on his tax problem, but he does claim to be a supplier.
A supplier doesn’t review and make recommendations with respect to specifications supplied by the Co-op’s engineer, provide all necessary labor for construction, agree to complete the plant by December 1, provide technical advice for at least three months after the mill had been built, and providing performance bond in the sum of $11,-000,000, in exchange for which the Cooperative agreed to pay a fixed fee to purchase various items of equipment manufactured by Farrel and to advance funds to Farrel on a monthly basis sufficient to cover Farrel’s anticipated expenses in performing the work and furnishing the equipment.'
Clearly, Farrel was merely the agent for the owner and the owner could not claim that the multiple transactions with each of the manufacturers was a “single transaction” within the meaning of the statute. This fact and the rule that an exemption from the payment of a tax must be construed strictly against the exemption dictates the upholding of the Commission. Gay v. Canada Dry Bottling Company of Florida, Inc., Fla.1952, 59 So.2d 788.
In addition to the assessment of additional tax and interest thereon from the time the same was due until paid, the Revenue Commission assessed an additional penalty of 25%, the maximum permitted for late payment under the provisions of § 212.- *396 12(2), F.S.A. This penalty amounted to $14,316.12. Such penalty is a discretionary penalty.
The Commission offered to waive such penalty if the petitioner agreed not to seek judicial review of its order assessing the deficiency tax. In view of the fact that the Commission has not by regulation defined the term “supplier,” there was reasonable basis for the interpretation of the applicable statutes used by the petitioner, and no ruling or other regulation which would form a valid basis for the petitioners to believe they were not entitled to the benefits of the exemption, the Commission abused its discretion in assessing such penalty.
This Court has authority to review such penalties under the provisions of the Administrative Procedure Act, Chapter 120, F.S.A. Florida Real Estate Commission v. Rogers, Fla.1965, 176 So.2d 65.
Accordingly, the petition for certiorari is granted. The part of the order of the Commission assessing the deficiency tax and interest thereon is affirmed, and that part of the Commission’s order assessing discretionary penalty in the amount of 25% under the provisions of § 212.12(2), F.S.A., is quashed.
ALLEN, C. J., and SMITH, J., concur.
ANDREWS, J., dissents with opinion.

. SECTION 212.08 Sales, storage, use tax; specified exemptions. — The sale at retail, the rental, the use, the consumption, the distribution and the storage to bo used or consumed in this state, of the following tangible personal property, is hereby specifically exempt from the tax imposed by this chapter.
(4) Exemptions, limited; industrial machinery.- — -There shall be exempt from the tax imposed by this chapter on any single transaction so much of said tax as shall exceed one thousand dollars on the sale or rental to, the use, consumption or storage for use in this state of machines and equipment and parts and accessories therefor used in mining and quarrying, compounding, processing, producing or manufacturing, personal property for sale in this state, or used in furnishing communication, transportation or public utility services. As used in this subsection “single transaction” shall include each order placed and accepted for the sale and delivery within six months by one supplier, and the use in one particular location of specifically described items on which this exemption is allowed; and tho term “machines and equipment and parts and accessories therefor” shall mean only such machines, machinery and equipment and parts and accessories therefor which are specifically designed for use in some phase or process of the operations mentioned in this subsection. The comptroller is authorized to further define the terms used herein by rules and regulations not inconsistent herewith for the purpose of uniformity in the enforcement of this subsection.