381 So.2d 263 (1980)
PIONEER OIL COMPANY, INC., Appellant,
v.
STATE of Florida, DEPARTMENT OF REVENUE, Appellee.
No. OO-308.
District Court of Appeal of Florida, First District.
February 18, 1980.
Rehearing Denied March 27, 1980.
Patricia A. Petruff of Dye, Cleary, Scott & Deitrich, P.A., Bradenton, and Kenneth G. Oertel of Oertel & Laramore, P.A., Tallahassee, for appellant.
Jim Smith, Atty. Gen., William D. Townsend, Asst. Atty. Gen., for appellee.
PER CURIAM.
Pioneer, a licensed dealer of fuels, appeals an administrative order requiring it to pay taxes with penalties and interest on certain of its sales of special fuel. Pioneer challenges the Department of Revenue Rule 12B-5.03, urging that the rule imposes a tax for failure to keep records and that such a tax exceeds the Department of Revenue's authority. Pioneer further contends that the hearing officer erred in finding that Pioneer's invoices did not reflect the exempt purpose for which the fuel was used.
*264 We affirm.
During a routine audit of Pioneer's books, the Department of Revenue (Department) determined that taxes were owed on sales of fuel to Cipriani Trucking, Tropicana Products, Inc., and Tri-County Paving. Pioneer argued that the sales were tax exempt and at an administrative hearing presented evidence that the fuel was actually used for an exempt purpose. Neither party was satisfied with the hearing officer's initial order and the Department submitted a proposed order which found that Pioneer did, in fact, prove that the fuel was used for an exempt purpose but recommended that the assessment be enforced. This order was adopted by the governor and cabinet, becoming final agency action. Pioneer asks this Court to decide
Whether in the absence of a properly executed blanket exemption and/or resale certificate, the tax liability on the dealer for sales of special fuels is absolute?
We answer in the affirmative.
Section 206.87(1), Florida Statutes (1978 Supp.) imposes an excise tax of eight cents per gallon on the first sale or transfer of title of all special fuels (e.g., diesel, propane) used or sold for use in Florida. Use is defined as "the placing of special fuel into any receptacle on a motor vehicle from which fuel is supplied for the propulsion thereof," § 206.86(5), Florida Statutes (1977). The initial dealer is normally required to collect the tax "whether he be the ultimate seller or not."
Dealers must be licensed by the state, § 206.89(1), Florida Statutes (1977), and those who are dual users of special fuel  those who purchase fuel for a taxable and a nontaxable use  are included in the definition of dealer, § 206.86(8)(h), Florida Statutes (1977). Sales for home, industrial, commercial, agricultural or marine purposes, or for consumption other than use, etc., are exempt from the tax, § 206.87(4)(a), Florida Statutes (1978 Supp.), and the initial dealer can sell to other dealers without collecting the tax, the second dealer then becoming responsible for payment of the tax, § 206.87(2), Florida Statutes (1978 Supp.).
Section 206.59(1), Florida Statutes (1977), authorizes the department to
make rules and regulations which shall have the force and effect of law, to govern reports and accounts by all persons dealing in or handling motor fuel for the purpose of enabling the department to ascertain whether or not any motor fuels are being dealt with, handled, or stored in this state under certain circumstances as to become liable to the tax imposed by and law relating to a tax on motor fuel.
Acting under this authority, the Department promulgated Rule 12B-5.03. Subsection (1) of the rule establishes procedures by which the dealer may show that certain sales were tax exempt: (a) the dealer may obtain a resale or exemption certificate from the purchaser if appropriate or (b) show "on the sales invoice the exempt purpose for which the fuel was purchased and that the special fuel was not placed into the receptacle connected to the fuel supply system of a motor vehicle."
Subsections (3) & (4) of the rule deal specifically with dual users and as the hearing officer noted, whether construing rules or statutes, the specific controls over the general. Louisville and Nashville Railroad Company v. Speed-Parker, 103 Fla. 439, 137 So. 724 (1931).
Subsections (3) and (4) require the dual user to furnish the dealer with a resale certificate covering all purchases of special fuels; the purchaser then assumes the liability for collection and payment of the tax on that portion of the fuel consumed in a taxable manner. Subsections (3) and (4) are very specific:
(3) * * * Unless such purchaser shall furnish the dealer with the resale certificate, the dealer making the sale is required to collect and remit the tax to the Florida Department of Revenue.
(4) A distributor or dealer shall refuse to accept a resale certificate, and shall collect the tax unless the purchaser has obtained a distributor's or dealer's license *265 from the Florida Department of Revenue and his license number is stated on the retail certificate.
Therefore, unless the purchaser furnishes a valid resale certificate to the dealer, the obligation to collect and remit the tax remains with the dealer.
Tropicana Products, Inc., Cipriani Trucking, and Tri-County Paving all were dual users of fuel and all furnished resale certificates to Pioneer. However, none of these certificates contained a dealer's license number and none of the purchasers were dealers when the fuel was sold. There being no valid certificates to transfer the obligation, Pioneer remained responsible for collecting and paying the tax.
Pioneer's challenge to Rule 12B-5.03 misapprehends the rule's purpose and function. The rule requires that certain records be kept and certain procedures followed so the department can ascertain whether any motor fuels in the state are subject to taxation. This is all the rule does and its scope is well within the statutory grant of authority. The rule does not impose a tax for failure to keep records. Merely because the failure to keep records results in an assessment of taxes, one should not conclude that it is the failure which is being taxed. It is the fuel sold which is being taxed; when the required records are not available to prove the sales exempt, the tax must be paid. Fred McGilvray, Inc. v. Askew, 340 So.2d 475 (Fla. 1976).
The statute imposed the primary responsibility for collection and remittance of the taxes on Pioneer. The rules provided a means whereby Pioneer could have transferred this obligation to the purchasers. Pioneer failed to follow these procedures; the liability for the taxes therefore, rests with Pioneer.
With regard to Pioneer's second point, since all of the purchasers were dual users, the procedures set out in subsections (3) and (4) of the rule were mandated and the invoice notations were irrelevant.
AFFIRMED.
McCORD, ROBERT P. SMITH, Jr. and LARRY G. SMITH, JJ., concur.