LARRY G. SMITH, Judge.
Belcher Oil Company appeals the Department of Revenue’s order assessing a tax deficiency, penalties and interest, under taxing statutes relating to sales of special fuels, Section 206.87(1), Florida Statutes (1975). Belcher Oil contends (1) that the sales were exempt from taxation; (2) that the Department’s rule requiring Belcher to *794 obtain an exemption or resale certificate from its purchaser to receive the exemption, is invalid; (3) that the Department’s assessment of penalties is invalid because of the absence of fraudulent or intentional nonpayment; (4) that the penalty should be excused because Belcher Oil in good faith paid sales tax, rather than the special fuels tax; and (5) that any special fuels tax assessment should be reduced by the amount of sales tax paid by Belcher Oil. We conclude that the appellee-Department of Revenue correctly ruled on points 1, 2 and 3. The issues presented by points 4 and 5 require reversal and remand for further proceedings.
In Pioneer Oil Company, Inc. v. State of Florida, Department of Revenue, 381 So.2d 263 (Fla. 1st DCA 1980), this court held that in order to be entitled to exemption from the special fuels tax imposed under Section 206.87(1), Florida Statutes (1978 Supp.), it is necessary for the seller to obtain a resale or exemption certificate from the purchaser, as required by the Department’s rule 12B-5.03. In the Pioneer Oil case, although all the purchasers furnished resale certificates to Pioneer, the “resale” exemption provided for by Section 206.87(4)(a), Florida Statutes, did not apply, since only a dealer can purchase the fuel for resale, and none of them were licensed as dealers as required by Section 206.89, Florida Statutes. The court upheld the Department’s rule requiring the seller to obtain a resale certificate from the purchaser showing the dealer’s license number as a prerequisite to claiming the exemption. The Pioneer Oil case disposes of Belcher Oil’s contention with respect to its sales to Florida Petroleum, Inc., since sales to Florida Petroleum were for resale purposes, and Florida Petroleum was not a licensed dealer. We hold, as did the court in Pioneer Oil that the Department’s rule merely implements the taxing statutes, and does not exceed the authority conferred by Section 206.59(1), to make rules and regulations having the force and effect of law governing reports and accounts by persons dealing with motor fuel in the State, so as to enable the Department to determine liability for the tax.
We also affirm the Department’s ruling with respect to sales made to Zamora Truck and Car Services, and Roberts Equipment Company. Belcher Oil did not obtain resale certificates or exemption certificates from these purchasers. Of course, Zamora and Roberts, not being licensed dealers as required by Section 206.89, Florida Statutes, were not authorized to issue resale certificates. Belcher Oil also failed to obtain an exemption certificate from Zamora or Roberts to show that the fuel was being purchased for an exempt purpose under Section 206.87(4)(a), Florida Statutes (1975). The Department’s Rule 12B-5.03(1) provides that any distributor or dealer must maintain in his files a sales invoice containing complete information with respect to the sale; and with respect to any sale for which exemption is claimed (unless the dealer has obtained from the purchaser a resale or exemption certificate) the sales invoice must show “the exempt purpose for which the special fuel was purchased”, and that the special fuel was not placed into the receptacle connected to the fuel supply system of a motor vehicle. Having failed to comply with the rule, Belcher Oil has not shown its entitlement to claim the sales were exempt. We reject Belcher Oil’s con- ■ tention that it should be exempt from the tax because of misrepresentations by Zamora and Roberts, relied upon by Belcher Oil, that the fuel was being purchased for exempt agricultural use (Section 206.87(4)(a), Florida Statutes (1975)). In fact, Zamora and Roberts used or sold this fuel for road use, clearly nonexempt uses under the statute. We find no basis upon which to excuse Belcher Oil’s liability for the tax. The statute not the rule, imposes the tax. The rule in this instance merely furnishes a means whereby the dealer or distributor may be assured of obtaining exemption from the tax. The sales were in fact taxable, and the Department correctly denied the exemption.
Our decision does not conflict with Silver Sand Co., etc. v. Department of Revenue, 365 So.2d 1090 (Fla. 1st DCA 1979), which *795 involved the interpretation and application of statutory provisions and rules which have been amended, and significantly different facts. We have also considered the recent case of Anderson v. Department of Revenue, 380 So.2d 1083 (Fla. 3rd DCA 1980). The Anderson case dealt with questions arising under the sales tax statute, Chapter 212, Florida Statutes. The court there held that where the sales in question were in fact for an exempt purpose, it would be “grossly unfair not to allow the taxpayer to show the true situation”. Examination of the opinion discloses circumstances quite different from those in the case presently before this court. In the Anderson case the court pointed out that a tax had already been collected from the users of the property which was the subject of several of the sales covered by the assessment, and further, it appeared that the Department of Revenue had itself changed its position with regard to the necessity for obtaining a dealer’s certificate at the time of sale. It had apparently been the Department’s practice to allow a purchaser to register as a dealer and submit a resale certificate some months after the date of sale, thereby retroactively qualifying the sale as exempt. This change of position on the part of the Department was obviously a significant factor in the court’s decision reversing the tax assessment in that case. Of course, we find none of these special circumstances present in the case at bar.
We agree with the ruling of the Department that the absence of fraud, or intentional misreporting or nonpayment of the tax does not authorize the Department to excuse the penalty required by Section 206.94(1), Florida Statutes (1976). The statute provides that the Department “shall” determine and collect a penalty of 10% for any “incorrect or fraudulent” report. The use of the disjunctive “or”, together with the preceding language which subjects the dealer to the penalty if he “neglects or refuses” to file reports as required by law, leads us to conclude that the absence of fraud or intent is immaterial. We find no support in Sugar Cane Growers Coop of Florida v. Florida Revenue Commission, 179 So.2d 393 (Fla. 2nd DCA 1965), for appellant’s argument that the penalty statute is “discretionary”. The Sugar Cane case dealt with a sales tax penalty under Section 212.-12(2), Florida Statutes, (1965), which the court found was a “discretionary penalty”. The court was undoubtedly referring to subparagraph (5) of Section 212.12, which provided that for good cause shown the Department was authorized to “compromise penalties after its investigation reveals that the penalty would be too severe or unjust”. We find no such language with respect to penalties under Section 206.94(1).
The remaining issues have to do with appellant’s contentions that because of its erroneous payment of sales tax, instead of special fuels tax, it should be given credit for this payment against any special fuels tax owed, and that such credit should be applied to the total special fuels tax assessment prior to the imposition of penalties and interest. The final order of the hearing officer, which was approved by the Department, recites that Belcher Oil paid sales tax of $18,589.53 on the sale of 538,030 gallons of special fuel. Belcher Oil’s petition for an administrative hearing states that it applied for a refund of those sales taxes, and a copy of its application is attached to its petition. We find no additional facts on this subject either in the stipulated record, or in the hearing officer’s order, and there is no statement in the order under “conclusions of law” relating to the sales tax payment. The one-sentence recommendation with which the hearing officer concludes his order is as follows:
RECOMMENDED:
That respondent’s assessment be upheld with respect to petitioner’s tax deficiency, penalty and interest as set forth in the assessments with adjustments to be made for payments paid by petitioner under the “sales tax” theory.
The final order is deficient both in findings of fact and conclusions of law concerning the sales tax issue, and we are unable to determine what disposition was or was intended to be made of this issue. It goes *796 without saying that adequate presentation of the issues before the hearing officer, from both a factual and legal standpoint, is an essential prerequisite to review of agency action in this court. Here we are left to speculate as to the factual basis for the positions of each party, the principles of law applied, and the results reached by the hearing officer in the resolution of the controversy. Under these circumstances, we find that the order does not comply with the requirements of Sections 120.57, 120.59, Florida Statutes, and is subject to remand for further proceedings under Section 120.-68, Florida Statutes. General Development Corp. v. Division of State Planning, Dept. of Administration, 353 So.2d 1199 (Fla. 1st DCA 1977); McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977); Stuckey’s of Eastman, Ga. v. Department of Transportation, 340 So.2d 119 (Fla. 1st DCA 1976); Gentry v. Department of Professional and Occupational Regulations, 283 So.2d 386 (Fla. 1st DCA 1973); Veasey v. Board of Public Instruction, 247 So.2d 80 (Fla. 4th DCA 1971).
The order appealed from is affirmed with exception of .those portions relating to the effect, if any, of the erroneous sales tax payment, as to which the order is reversed and the cause is remanded for further proceedings including the presentation of evidence as the parties may deem advisable.
McCORD and SHIVERS, JJ., concur.