BOOTH, Judge.
This cause is before us on appeal from final agency action by the Department of Revenue (Department) upholding a sales tax deficiency, delinquent penalty and interest assessed against Petitioner Fischer on account of his purchase of an airplane. The facts, as found by the hearing officer, are:
On November 24, 1976, petitioner purchased an airplane (the Corsair) in Florida from R. D. Whittington Aircraft Sales, Inc., for which he paid eighty thousand dollars ($80,000.00). Sales tax has never been paid on account of this transaction.
Before the purchase, petitioner asked George W. Sullivan, an airplane mechanic and test pilot, to evaluate the Corsair as an investment for resale. After petitioner acquired the Corsair, he caused three new cylinders to be installed and had the carburetor, the magneto and the propeller overhauled. Within three or four months of petitioner’s acquisition, several prospective purchasers had inspected the Corsair. In the spring of 1977, petitioner began displaying the Corsair. At various times, petitioner engaged other pilots to ferry the Corsair to aircraft shows at Cherry Point, North Carolina, Greenville-Spartanburg, South Carolina, and elsewhere. At the time of the hearing, the Corsair had been flown approximately 43 hours since petitioner had acquired it, ten to twelve hours of which petitioner flew himself, in the course of displaying the Corsair and checking out repairs.
Petitioner has traded in airplanes for the last several years and has been recognized as a dealer in aircraft by the Internal Revenue Service. Petitioner, who moved to Florida from California, applied to respondent for a dealer’s certificate promptly upon learning that he was required to do so. On November 24, 1976, however, petitioner was not registered as an aircraft dealer with respondent. After an unsuccessful attempt to register effective retroactively to July 1, 1972, petitioner registered as a dealer with respondent, effective October 1, 1977. According to respondent’s records, R. D. *703 Whittington Aircraft Sales, Inc., was not registered as a dealer with respondent on November 24, 1976, and has not registered since.
Petitioner obtained an address for R. D. Whittington Aircraft Sales, Inc., from respondent and, on or about December 20, 1977, sent by certified mail a blanket resale and exemption certificate to the address respondent had furnished. A return receipt indicated that the certificate was delivered as addressed. In the past, respondent has treated sales to dealers as exempt from sales tax where the purchaser furnished the seller a resale and exemption certificate at the time of the sale and even when the certificate has been furnished afterwards, where the purchaser was registered as a dealer with respondent at the time of the transaction.
The facts as stated by the hearing officer and shown on the record establish that petitioner was (1) a dealer, and (2) purchased the Corsair aircraft for the purpose of resale. The Department, however, relies on its Rule 12A-1.38 F.A.C.[1] to disqualify the transaction from exemption. The same rule was relied on by the Department and the hearing officer in disallowing the exemption as to boats purchased for rental purposes in Anderson v. Department of Revenue, 380 So.2d 1083 (Fla. 3d DCA 1980). That determination was reversed by the District Court of Appeal, Third District, holding:
The question of whether a taxpayer may avoid the assessment of a tax by showing that the use was for an exempt purpose when the taxpayer failed to file the required dealer’s certificate prior to the sale has not been determined in Florida, so far as we have been able to discover. In the situation reflected by the finding of the examiner in this case, we hold that it would be grossly unfair not to allow the taxpayer to show the true situation. It must be borne in mind that a tax has been collected from the user in many of the situations covered by this assessment. .
Additionally, the Department of Revenue, as found by the examiner, changed its position with regard to the necessity for the dealer’s certificate during the progress of its determination of the tax due from the sale of the appellants’ boats. This change of position seriously handicapped the appellants in their attempts to satisfy the Department concerning the taxable status of the sales. We hold that the appellants had a right to rely upon the interpretation of the statute as originally set forth. See the principle enunciated in Outdoor Advertising Art v. Florida Department of Transportation, 366 So.2d 114 (Fla. 1st DCA 1979).
In the Anderson case, the DOR sought to assess a deficiency against the seller of sailing vessels because the various purchasers of the boats were not registered dealers at the time of the sales. The evidence showed that the boats were in fact purchased for the exempt purpose of rental, but that Rule 12A-1.38 was not complied with, as stated by the hearing officer, and quoted by the District Court, in the Anderson case:
The basic question for determination is whether registration as a dealer and submission of a resale certificate some months after the date of sale, as was done in the transactions under considera *704 tion, can relate back and provide exemption for such sales. . . . Although it is apparent that the exempt status of the various boat purchases could have been established if the purchasers had been registered as dealers at the time of sale, no evidence has been submitted by Petitioner that they were then so registered or had otherwise complied with the above provisions of Rule 12A-1.38. In view of such failure of proof, relief cannot be granted from the proposed tax assessment with respect to the sales price of the vessels and the interest and penalties thereon.
The foregoing determination was reversed by the District Court in Anderson, and the court held that the tax exempt status could be established and certificates obtained subsequent to the sale in accord with the Department’s prior practices.[2] We agree.
Accordingly, the order below is REVERSED and the cause REMANDED with directions that the assessment be vacated.
LARRY G. SMITH, J., concurs.
ERVIN, J., dissents with opinion.

. Rule 12A-1.38, F.A.C., in pertinent part:
(1) It is the specific legislative intent that each and every sale, admission, use, storage, consumption or rental is taxable under Chapter 212, F.S., unless such sale, admission, use, storage, consumption or rental is specifically exempt. The exempt status of the transaction must be established by the dealer. Unless the dealer shall have taken from the purchaser a certificate to the effect that the property or service was purchased for resale and bearing the name and address of the purchaser and the number of his dealer’s certificate of registration or a certificate bearing the number of his consumer’s exemption certificate, the sale shall be deemed to be a taxable sale at retail.
* * * * # *
(3) A dealer shall refuse to accept a resale certificate, except as provided in Rule 12A-1.64(23), and shall collect the tax unless the purchaser has obtained a dealer’s certificate of registration from the Department of Revenue and the number of his dealer’s certificate of registration is stated on the resale certificate.

. See, Belcher Oil Co. v. State, 382 So.2d 793 (Fla. 1st DCA 1980), wherein this court commented on Anderson, in part, as follows:
It had apparently been the Department’s practice to allow a purchaser to register as a dealer and submit a resale certificate some months after the date of sale, thereby retroactively qualifying the sale as exempt. This change of position on the part of the Department was obviously a significant factor in the court’s decision reversing the tax assessment in that case.