ERVIN, Judge,
dissenting.
I understand neither the rationale of the Third District Court of Appeal’s decision in Anderson v. State, Dept. of Revenue, 380 So.2d 1083 (Fla. 3d DCA 1980), nor that of the majority here. The Anderson court’s reasoning was based upon three vague premises: (1) It would be grossly unfair not to allow the taxpayer (a dealer in sailing vessels) to show the “true situation”; (2) the imposition of both the sales and rental tax constituted double taxation, and (3) the tax should not be imposed because the department changed its position concerning the necessity for a dealer’s certificate during the pendency of the proposed assessment proceedings.
It is unclear from Anderson whether it based its reversal upon legal or equitable grounds. Unquestionably the department has the authority to adopt a rule requiring a dealer to either collect the tax or take a valid resale certificate from the purchaser at the time of the transaction.[1] See, Section 212.02(3)(a), Florida Statutes (1977), providing that a resale must be in strict compliance with the department's rules. While it is true that Rule 12A-1.38 provides no time limitations for the dealer’s acceptance of the resale certificate, the agency’s interpretation of the rule is entirely consistent with Sections 212.06(l)(a), .06(3), and .11(1), variously requiring the dealer to collect the 4% sales tax at the moment of the sale from the purchaser, requiring him to pay the tax monthly on the first day of each month, and to make a return on or before the 20th day of the month to the department showing gross sales or purchases arising during the preceding month.
It has long been recognized that administrative rules of the Department of Revenue interpreting sales and use tax statutes are to be accorded considerable weight by the court. Klosters Rederi A/S v. State, etc., 348 So.2d 656, 660 (Fla. 3d DCA 1977); State ex rel. Szabo Food Services, Inc. of N. C. v. Dickinson, 286 So.2d 529 (Fla.1973). We recently rejected a challenge to Rule 12B-5.03,[2] which urged that the rule imposes a tax for the failure to keep records and, as such, the rule exceeds the department’s rulemaking authority. In Pioneer Oil Co., *705 Inc. v. State, etc., 381 So.2d 263 (Fla. 1st DCA 1980), Pioneer, a licensed dealer of fuels, complained that the department was without authority to require it to remit a tax from fuel sales merely because the purchaser failed to furnish it with a resale certificate. Even though we recognized the exempt nature of the transaction, we denied Pioneer’s claim for a refund stating: “[N]one of these [purchasers’] certificates contained a dealer’s license number and none of the purchasers were dealers when the fuel was sold. There being no valid certificates to transfer the obligation, Pioneer remained responsible for collecting and paying the tax.” Id. at 265. (e. s.) Accord, Belcher Oil Company v. State, Dept. of Revenue, 382 So.2d 793 (Fla.lst DCA 1980), where we observed that Rule 12B-5.-03 “merely implements the taxing statutes, and does not exceed the authority conferred by Section 206.59(1) to make rules and regulations having the force and effect of law governing reports and accounts by persons dealing with motor fuel in this state, . .” Clearly then the department’s policy, expressed in both rules 12A-1.38, and 12B-5.03, is consistent with the authority conferred to it by the taxing statutes, and the department was authorized to require the collection of the tax even though the seller later received a dealer’s resale certificate from the purchaser.
The Anderson court’s reference to double taxation is equally vague. In the absence of Rule 12A-1.71(2), providing that equipment purchased solely for rental purposes is exempt at the time of its acquisition, the department undoubtedly could levy a sales tax upon the sale of a boat, and then a rental tax upon the same boat. As was observed in Ryder Truck Rental, Inc. v. Bryant, 170 So.2d 822, 825 (Fla.1964), multiple taxes levied upon the same motor vehicle do not constitute pyramiding or a duplication of the tax since each is placed on a separate and distinct taxable privilege. In each case the tax is passed on by the taxpayer to his customer. If the department has the authority to require that a resale certificate be received on or about the time of the sales transaction — a subject not discussed in Anderson — then there would be no bar to its levy of both taxes upon the different activities of the same boat. Under the circumstances, I fail to see any element of double taxation either in Anderson or here.
Although the Anderson opinion does not expressly mention estoppel, but rather refers generally to gross unfairness and the department’s change of position, the elements of estoppel may have there been present. Still, before estoppel can be sustained as a basis for relief against the taxing authority, it, and all its elements, must be specifically alleged. Department of Revenue v. Hobbs, 368 So.2d 367 (Fla. 1st DCA 1979). Those elements include (1) a representation by the party estopped to the party claiming estoppel as to some material fact, (2) a reliance upon the representation by the party claiming the estoppel, and (3) a change in such party’s position, caused by his reliance to his detriment. Greenhut Construction Co., Inc. v. Knott, 247 So.2d 517 (Fla. 1st DCA 1971). In Anderson, a representation was made to the taxpayer by one of the department’s agents that a refund could be obtained from the dealer if the vessel he had purchased was solely for rental purposes, provided he forwarded a resale certificate to the seller. The taxpayer apparently relied upon this representation to his detriment in later sales of boats which were to be used exclusively for rental purposes by not collecting the tax from his purchasers. Cf. Davis and Sons, Inc. v. Askew, 343 So.2d 1329 (Fla. 1st DCA 1977).
The facts here are altogether different. The findings entered by the hearing officer reveal that no representation was made by the department to the taxpayer before his purchase of the aircraft. Estoppel then is clearly not a defense available to the taxpayer. Moreover, the hearing officer found that the department “treated sales to dealers as exempt from sales tax where the purchaser furnished the seller a resale and exemption certificate and when the certificate [was] furnished afterwards, where the purchaser was registered as a dealer with the respondent [the department] at the time *706 of the transaction.”[3] (e. s.) Here, Fischer did not register as a dealer with the department until approximately eleven months following the sales transaction, and did not furnish a resale certificate to the dealer until more than a year later. Consequently there was no change of department policy even remotely affecting Fischer.
The majority’s opinion represents little more than a judicially created exemption to the taxing statutes, and is an unwarranted deviation from the expressed legislative intent that all sales be taxed except those that are “specifically . . exempted by this chapter . . . .” Section 212.-21(2).

. While the burden is placed upon the seller to collect the sales tax, Section 212.06(3), the person who purchased the tangible personal property at retail may be liable for the payment of the tax if he cannot prove the tax was paid to the vendor. Section 212.07(9).

. Rule 12B-5.03, adopted pursuant to Chapter 206, taxing fuels, requires precisely as does Rule 12A-1.38 that unless the buyer furnishes the dealer a resale certificate, the dealer is required to collect and remit the tax to the department.

. Even if it were the law, which clearly it is not, that the taxing authority may be estopped by changing its position in other cases not involving the taxpayer, the facts as above noted are markedly different from those in Anderson. The department’s agents there permitted purchasers of rental equipment following the sales to register with the department as dealers and to furnish to the sellers resale certificates. The agents apparently considered their policy consistent with Rule 12A-1.71(2), which exempts sales of rental equipment from the sales tax. There is no showing either from this record or from the facts recited in Anderson that the department ever allowed a purchaser not registered as a dealer at the time of the sale to file, following the sale, a resale certificate with the seller — except in those instances when the property sold was rental equipment. The property sold here was not intended for rental purposes but purportedly for resale.