Mr. Larry Gonzalez Secretary Department of Professional Regulation 130 North Monroe Street Tallahassee, Florida 32399-0750
Dear Secretary Gonzalez:
You ask substantially the following question:
 Is the Department of Professional Regulation prohibited from releasing patient records and/or information identifying a patient by name, obtained by the department during an investigation, to a law enforcement agency or to any other regulatory agency?
In sum, I am of the opinion that:
 The Department of Professional Regulation is prohibited from releasing patient records and/or information identifying a patient by name, obtained during its investigations, to a law enforcement agency or other regulatory agency.
Florida's Public Records Law, Ch. 119, F.S., requires that all records made or received pursuant to law or ordinance or in connection with the transaction of official business by a public agency must be open for personal inspection.[1] Only those records which are "provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law," are exempt from the disclosure provisions of Ch.119, F.S.[2]
Section 455.225(9), F.S. (1988 Supp.), provides:
 The complaint and all information obtained pursuant to the investigation by the [D]epartment [of Professional Regulation] shall be exempt from s. 119.07 until 10 days after probable cause has been found to exist by the probable cause panel or by the department, or until the regulated professional or subject of the investigation waives his privilege of confidentiality, whichever occurs first. Nothing in this subsection shall be construed to prohibit the department from providing such information to any law enforcement agency or to any other regulatory agency. (e.s.)
Information exempted from disclosure pursuant to this statute, therefore, may be released to law enforcement or other regulatory agencies. The confidentiality of patient records received by the Department of Professional Regulation during an investigation, however, is not established by s. 455.225(9), F.S. (1988 Supp.), but by other statutory provisions. Section 455.241(2), F.S. (1988 Supp.), limits access to patient records obtained by the department pursuant to its terms by providing in part:
 The Department of Professional Regulation may obtain patient records pursuant to a subpoena without written authorization from the patient if the department and the probable cause panel of the appropriate board, if any, find reasonable cause to believe that a practitioner has excessively or inappropriately prescribed any controlled substance specified in chapter 893 . . . or that a practitioner has practiced his profession below that level of care, skill, and treatment required . . .; provided, however, the patient record obtained by the department pursuant to this subsection shall be used solely for the purpose of the department and board in disciplinary proceedings. The record shall otherwise be sealed and shall not be available to the public pursuant to the provisions of s. 119.07 or any other statute providing access to public records. . . . (e.s.)
In addition, subsection (3) of s. 455.241, F.S. (1988 Supp.), states that "[a]ll patient records obtained by the Department of Professional Regulation and any other documents identifying the patient by name shall be used solely for the purpose of the Department . . . and the appropriate regulatory board in its investigation, prosecution, and appeal of disciplinary proceedings. . . ." (e.s.)
Pursuant to subsection (3), these records are sealed and are not available to the public as part of the record of investigation and prosecution in the disciplinary hearings made available to the public by the department or appropriate regulatory board.[3]
The foregoing provisions of s. 455.241, F.S. (1988 Supp.), clearly provide that patient records obtained by the department and other documents identifying the patient by name are sealed and may only be used by the department or the appropriate regulatory board in its investigation, prosecution, and appeal of disciplinary proceedings. These provisions operate independently of s. 455.225, F.S. (1988 Supp.), and, unlike those of s. 455.225, F.S. (1988 Supp.), do not provide a limited exception for law enforcement or other regulatory agencies. Moreover, s. 455.241(2) and (3), F.S. (1988 Supp.), providing for the confidentiality of a particular type of record obtained by the department, is more specific and would prevail to the extent of any conflict over the more general terms of s. 455.225(9), F.S. (1988 Supp.).[4]
Accordingly, I am of the opinion that the Department of Professional Regulation is prohibited by s. 455.241, F.S. (1988 Supp.), from releasing patient records or other information identifying a patient by name obtained by the department during an investigation, to a law enforcement agency or other regulatory agency. The department, therefore, may wish to seek legislation to amend the provisions of s. 455.255, F.S. (1988 Supp.), to permit law enforcement and other regulatory agencies access to these records.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 119.07(1), F.S.
[2] Section 119.07(3)(a), F.S. See, Wait v. Florida Power Light Company, 372 So.2d 420 (Fla. 1979).
[3] See, s. 455.232(1), F.S., providing in part that no officer, employee or person under contract with the Department shall convey knowledge or information to any person who is not lawfully entitled to such knowledge or information about any public record which at the time such knowledge or information is conveyed is exempt from s. 119.01 or s. 119.07(1), F.S. Any person violating the provisions of subsection (1) is guilty of a misdemeanor of the first degree and shall be removed from office, employment or the contractual relationship. Section 455.232(2), F.S.
[4] See generally, Pioneer Oil Company, Inc. v. State of Florida, Department of Revenue, 381 So.2d 263 (1 D.C.A.Fla., 1980), approved, 401 So.2d 1319 (Fla. 1981) (in construing rules or statutes, the specific controls over the general).