Mr. Thomas P. Abbott Metropolitan Dade County Attorney Aviation Department Post Office Box 592075 AMF Miami, Florida 33159
Dear Mr. Abbott:
You have asked for my opinion on substantially the following question:
Pursuant to sections 125.35 or 332.08, Florida Statutes, is the Board of County Commissioners of Dade County authorized to grant a lease to a private party for the purpose of operating and developing the non-airfield portion of a county airport for a period exceeding 30 years?
In sum:
The Board of County Commissioners of Dade County is authorized by section 125.35(1)(a), Florida Statutes, to grant a lease to a private party for operating and developing the non-airfield portion of a county airport for a term of more than 30 years if the governing body determines that such a lease is in the best interest of the county and the conditions set forth in the statute are met.
Your question relates to the statutorily authorized duration of an airport lease. Dade County owns and operates the county airport system. The county anticipates that the United States Air Force will convey Homestead Air Reserve Base to the county in fee simple. The county is attempting to determine how it will handle the operation and development of this airport. You have advised this office that no charter provisions exist that deal with this issue.
Chapter 125, Florida Statutes, relating to county government, provides that:
The board of county commissioners is expressly authorized . . . to lease real property, belonging to the county, whenever the board determines that it is to the best interest of the county to do so . . . in the case of an airport . . . operation or facility lease . . . where the improved leasehold has an appraised value in excess of twenty million dollars, after negotiation, for such length of term and such conditions as the governing body may in its discretion determine.[1]
Thus, in those circumstances where these conditions are met — i.e., the county commission determines that such an action is in the best interest of the county, an airport operation or facility lease is being considered, and the improved leasehold has an appraised value in excess of $20 million — a county commission may grant an airport operation or facility lease for any term that it determines is appropriate.
Section 332.08(3), Florida Statutes, also makes provision for the lease of airport property by a county. The law states that a county[2] that has established airports is authorized:
To lease for a term not exceeding 30 years such airports or other air navigation facilities . . . to private parties, any municipal or state government or the national government, or any department of either thereof, for operation; to lease or assign for a term not exceeding 30 years to private parties, any municipal or state government or the national government, or any department of either thereof, for operation or use consistent with the purposes of ss. 332.01-332.12, space, area, improvements, or equipment on such airports. . . .
This section is similar to the provisions of section 125.35, Florida Statutes, in that both provide for leases of airport facilities. However, section 332.08(3), Florida Statutes, clearly limits the terms of any such lease to thirty years.
The language of section 332.08, Florida Statutes, came into the statutes in 1945 and was last amended in 1971.[3] Subsequently, section 125.35(1)(a), Florida Statutes, was amended to include specific mention of "airport operation . . . or facility lease[s.]"[4] Thus, the last expression of the Legislature on the authority of counties to lease certain airport property is contained in section 125.35(1)(a) and this is the provision that would govern.[5]
In addition, it is a general rule of statutory construction that a specific statute will control over a more general expression on the same subject.[6] Section 125.35, Florida Statutes, deals particularly with the power of counties to lease and sell real property and subsection (1)(a) provides requirements for airport operation or facilities leases. In contrast, section 332.08(3), Florida Statutes, more generally authorizes counties, municipalities, towns and villages[7] to lease airport facilities under certain conditions.
Clearly the provisions of chapter 125, Florida Statutes, relating specifically to counties and their authority is more specific to this situation than is a statute providing leasing authority for local governments in general. Thus, applying the foregoing rule of construction, section 125.35, Florida Statutes, would prevail over the provisions of section 332.08(3), Florida Statutes.
Therefore, it is my opinion that the provisions of section 125.35, Florida Statutes, would authorize the Board of County Commissioners of Dade County to lease county airport property for a term determined by the commission to be in the best interest of the county. However, the factors set forth in the statute must be met, that is, the county commission must determine that such a lease is in the best interest of the county, this must be an airport operation or facility lease, and the improved leasehold must have an appraised value in excess of $20 million.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 125.35, Fla. Stat. (1993).
[2] The statute speaks in terms of a "municipality" but that term is defined in section 332.01(1), Fla. Stat., to include "any county[.]"
[3] See, Ch. 71-136, s. 231, at 644, Laws of Florida.
[4] See, Ch. 77-475, s. 1, Laws of Florida.
[5] See, e.g., Sharer v. Hotel Corporation of America,144 So.2d 813 (Fla. 1962), for the proposition that the last expression of the Legislature is the law.
[6] See, e.g., Pioneer Oil Company, Inc. v. State, Department of Revenue, 381 So.2d 263 (Fla. 1st DCA 1980), approved401 So.2d 1319 (Fla. 1981); Louisville Nashville R. Co. v. Speed- Parker,137 So. 724 (Fla. 1931).
[7] See, s. 332.01(1), Fla. Stat. (1993), which defines the term "[m]unicipality" to include "any county, city, village, or town of this state."