Mr. Robert P. Diffenderfer 2000 Palm Beach Lakes Boulevard, Suite 900 West Palm Beach, Florida 33409 Mr. Lee A. Rosenthal 7501 North Jog Road West Palm Beach, Florida 33412
Dear Mr. Diffenderfer and Mr. Rosenthal:
On behalf of the Palm Beach County Solid Waste Authority you have asked for my opinion on substantially the following question:
Can Palm Beach County, a charter county, enact an ordinance that would conflict with provisions of a special act of the Legislature creating the Solid Waste Authority of Palm Beach County?
In sum:
Palm Beach County is not authorized to enact an ordinance that would have the effect of amending or repealing a special act of the Legislature creating and regulating the affairs of the Palm Beach County Solid Waste Authority.
Palm Beach County has joined in your request for this opinion.
According to your letter, the Palm Beach County Solid Waste Authority (the authority) and Palm Beach County (the county) entered an interlocal agreement on September 20, 1988. The agreement assigns responsibility for administering county solid waste programs to the authority.
Following promulgation of the agreement, the authority took over responsibility for solid waste collection services in unincorporated areas of the county, including the granting of hauling franchises to private franchisees. The current franchise agreements were granted on October 1, 1993, in accordance with provisions of Chapter 75-473, Laws of Florida, as amended, and the rules and regulations of the authority.
The franchise agreements provided for a five-year term and are due to expire on September 30, 1998.
The current franchises were awarded through a competitive bid process and the current franchise holders want to have their franchise terms extended. It is their position that Palm Beach County may, by ordinance, provide for such an extension. The Solid Waste Authority Board, however, has previously determined that the five-year period of franchise limitation contained in its act applies cumulatively to the franchise term plus extensions, and therefore no extension is permissible. The authority is exploring options available when the current franchise contracts expire.
The Palm Beach County Solid Waste Authority was created by a special act of the Legislature, Chapter 75-473, Laws of Florida, to provide a coordinated resource recovery and waste management program for Palm Beach County.[1] The authority was originally created as an independent special district but was converted in 1991 to a dependent special district whose governing board consists of the seven members of the Palm Beach County Commission.[2] The solid waste authority district includes the incorporated and unincorporated areas of Palm Beach County.[3]
The act provides that the authority has the general power to "[c]onduct studies and contract, for such periods as may be agreed upon by the parties, with governmental agencies, public or private corporations, municipalities or any other person in carrying out the purposes of this act and the requirements of chapter 403, Florida Statutes, and other applicable law."[4] However, the legislation contains more specific limitations regarding franchises:
"Section 10. Limitations on franchises. — The authority board shall adopt by resolution a procedure for granting exclusive franchises subject to the following limitations:
(1) No franchise, contract or permit shall be granted or extended for a period of time exceeding 5 years.
* * *
(3) No exclusive franchise shall be granted except pursuant to a procedure adopted by the authority board which shall include the following minimum requirements:
* * *
(b) The procedure shall encourage competition among potential franchisees."
It is a generally recognized rule of statutory construction that a statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms. Such statute relating to the particular part of a general subject will operate as an exception to or qualification of the general terms of a more comprehensive statute to the extent only of the repugnancy.[5] Thus, employing the rule, the more specific provisions would apply to franchise agreements rather than those requirements describing the more general power to contract.
This office has, on numerous occasions, considered the authority of charter counties to enact ordinances dealing with issues addressed in special acts. In Attorney General's Opinion 93-05, the Broward County Legislative Delegation asked whether the county could enact an anti-discrimination ordinance that would include provisions already existing in a special act and would encompass discrimination on the basis of sexual orientation. The opinion reiterates previous statements of this office that charter counties have no authority to amend or alter the provisions of special acts passed by the state Legislature, but concluded that a charter county, such as Broward, has expansive powers and could adopt an ordinance including virtually all of the substantive provisions of the special act.[6]
Attorney General's Opinion 90-27 was addressed to Alachua County, a charter county, and dealt with the power of the county to enact county ordinances that may be inconsistent with special laws. In providing direction to the county, the opinion noted that if a county:
"adopts a charter form of county government under s. 1(c), Art. VIII, State Const., its governing body will possess no constitutional authority to amend or repeal or supersede or alter by county ordinance any existing and effective special law relating to the county and the incorporated areas therein, except for those local and special laws relating only to the unincorporated area of the county in force and effect on the effective date of Art. VIII which, pursuant to s. 6(d), Art. VIII, may be amended or repealed by county ordinance."[7]
As that opinion makes clear, the legislative power delegated by section 1(g), Article VIII, Florida Constitution, and the implementing legislation for this constitutional provision, Parts II and IV, Chapter 125, Florida Statutes, which authorizes counties to enact ordinances to conduct county government not inconsistent with general law, does not carry with it the authority to enact ordinances amending or repealing laws enacted by the Legislature or any part or parts of that legislation.[8]
Thus, in light of this office's consistent position that charter counties possess no statutory or constitutional authority to enact ordinances amending or repealing laws enacted by the Legislature, it is my opinion that Palm Beach County is not authorized to enact an ordinance that would have the effect of amending or repealing a special act creating and regulating the affairs of the Palm Beach County Solid Waste Authority.
Sincerely
Robert A. Butterworth Attorney General
RAB/tgk
[1] The act has been amended by the Legislature a number of times. See, Ch. 77-626, Laws of Florida (1977); Chs. 79-536, 79-539 and 79-542, Laws of Florida (1979); Chs. 84-501 and 84-502, Laws of Florida (1984); Ch. 86-433, Laws of Florida (1986); Ch. 88-544, Laws of Florida (1988); Ch. 91-334, Laws of Florida (1991); Ch. 93-345, Laws of Florida (1993); and Ch. 94-462, Laws of Florida (1994).
[2] Section 3, Ch. 91-334, Laws of Florida (1991).
[3] See, e.g., s. 5, Ch. 75-473, Laws of Florida (1975) ("[t]his act shall apply to both the incorporated and unincorporated areas of Palm Beach County); and s. 2, Ch. 77-626, Laws of Florida (1977), which states that it is the intent of the Legislature to "provide a coordinated resource recovery and waste management program for Palm Beach County . . . to form a countywide authority for the management of solid waste. . . ."
[4] Section 3, Ch. 88-544, Laws of Florida (1988), amending subsection (9), Ch. 75-473, Laws of Florida (1975).
[5] See, e.g., State v. McMillan, 45 So. 882 (Fla. 1908);American Bakeries Company v. Haines City, 180 So. 524 (Fla. 1938); Adams v. Culver, 111 So.2d 665 (Fla. 1959). And, for the proposition that whether construing rules or statutes, the specific controls over the general, see, Pioneer Oil Company, Inc.v. State, Department of Revenue, 381 So.2d 263 (Fla. 1st DCA 1980), approved 401 So.2d 1319 (Fla. 1981); Louisville andNashville Railroad Company v. Speed-Parker, 137 So. 724 (Fla. 1931).
[6] See, e.g., Ops. Att'y Gen. Fla. 90-27 (1990), 81-55 (1981), 81-7 (1981), and 74-121 (1974).
[7] See, Op. Att'y Gen. Fla. 81-7 (1981). Cf., Op. Att'y Gen. Fla. 81-55 (1981) (a charter county government, established pursuant to s. 1(c), Art. VIII, Fla. Const., and implemental general law had no constitutional or statutory power to enact a county ordinance to amend or repeal any special act creating and establishing an independent special district that is separate from such charter county government, with countywide jurisdiction and whose enabling legislation is of countywide force and effect); Ops. Att'y Gen. Fla. 79-109 (1979) and 71-109 (1971).
[8] See also, Op. Att'y Gen. Fla. 81-7 (1981) (the power to amend or repeal the statutory law is a legislative power belonging to the state which is, by the terms of s. 1, Art. III, Fla. Const., vested in the State Legislature).