HENDRY, Chief Judge.
This is a petition for certiorari seeking review of a final order of the Department of Revenue of the State of Florida, as approved by the Governor and the State Cabinet, which upheld a use tax assessment against the petitioner.
Petitioner is a Norwegian corporation which operates three cruise vessels out of the Port of Miami. At the port, petitioner leases various passenger boarding facilities and has a holding area for the ship’s supplies. Petitioner has considered itself exempt from sales tax on items purchased from vendors and delivered to its port facilities for use as ship’s supplies during the course of cruises conducted outside of the state and in foreign commerce. It obtained a sales tax registration certificate number, and issued certificates of exemption to its vendors, who in reliance thereon, did not charge petitioner sales tax on the items delivered to the port.
In Aughst of 1975, respondent caused an audit to be made of petitioner’s vendors’ records and sales invoices for the period from August 1,1972, through July 31,1975. Determining that petitioner was not exempt from the sales tax, respondent served a notice of assessment on petitioner for the sum of $175,653.51. An amendment to the original assessment was issued by respondent adjusting the amount allegedly owed as tax to $83,767.29.
Petitioner paid a portion of the assessment and filed a petition for formal administrative proceeding, contesting the remaining portion of the assessment. Proceedings were commenced before a hearing officer on June 23, 1976. Following the conclusion of said proceedings, the hearing officer issued his recommended order which held that the items were not taxable in that “they are used and consumed outside the state of Florida,” pursuant to Section 212.-05, Florida Statutes (1975).
Respondent filed exceptions to the recommended order and prepared an alternate final order which overruled the hearing examiner’s recommended order and adjudicated petitioner liable for the assessment. Said alternate final order was approved by the Governor and the Cabinet, sitting as head of the Department of Revenue, on January 6, 1977. Petitioner thereupon sought review by filing its petition for cer-tiorari in this court.
Petitioner has raised seven points in its brief in support of petition for certiorari. After carefully reviewing the record and briefs, and having had benefit of counsels’ arguments, we find the following two points deserving of discussion.
Firstly, petitioner contends that pursuant to Section 212.05, Florida Statutes (1975), *658 the hearing examiner correctly found that the use tax assessed against .petitioner was void in that the specific items taxed were all to be used and consumed on the cruise ship, during the course of the voyage, after the vessel had left the state and proceeded in foreign commerce. Section 212.05 provides, in pertinent part, as follows:
“Sales, storage, use tax. — It is hereby declared to be the legislative intent that every person is exercising a taxable privilege who engages in the business of selling tangible personal property at retail in this state, or who rents or furnishes any of the things or services taxable under this chapter, or who stores for use or consumption in this state any item or article of tangible personal property as defined herein and who leases or rents such property within the state. For the exercise of said privilege a tax is levied on each taxable transaction or incident and shall be due and payable, according to the brackets set forth in § 212.12(10) as follows:
U * * *
“(2) At the rate of four percent of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed or stored for use or consumption in this state.” [Emphasis added.]
Respondent, on the other hand, contends that notwithstanding the “consumption” of the items outside the territorial waters of the' state of Florida, pursuant to Section 212.02(8), Florida Statutes (1975), the tax was valid in that for purposes of taxation, a use occurred within this state. Section 2Í2.02(8) defines the word “use” as:
“ . . . the exercise of any right or power over tangible personal property incident to the ownership thereof, or interest therein, except that it shall not include the sale at retail of that property in the regular course of business.”
Respondent argues that the withdrawal from storage of the items taxed coupled with the subsequent placement of said items on board the vessels for further utilization during the course of the voyage was a sufficient exercise of a “right or power over tangible personal property” so as to enable the state of Florida to assess a use tax on the property.
Initially, we note that the particular items taxed were all characterized-by respondent’s auditor as “expendable,” and included, inter alia, kleenex, toilet paper, laundry bags and party supplies. Under the common usage of the word “use” we would have great difficulty in accepting respondent’s argument' that the mere removal from storage and subsequent placement on board ship of the above items amounted to a taxable “use.” Nevertheless, the definition of “use,” as set forth above, is broad enough to cover even the removal of property from a warehouse and loading of said property upon a vessel. Accordingly, we hold that pursuant to Section 212.05, petitioner did in fact “use” its personal property within the state of Florida. See United Air Lines v. Mahin, 410 U.S. 623, 93 S.Ct. 1186, 35 L.Ed.2d 545 (1973), wherein the Supreme Court of the United States held that, pursuant to an Illinois state statute defining the word “usé” as an “exercise ... of any right or power over tangible personal property incident to the ownership of that property,” withdrawal from storage of fuel to be consumed by an interstate carrier afforded the state the right to impose a use tax on the stored fuel without offending the commerce clause of the Federal Constitution.
In the second and final point which we shall consider, petitioner argues that notwithstanding our ruling above, pursuant to. Section 212.08(8), Florida Statutes (1975), a partial exemption from the use tax exists for vessels engaged in interstate or foreign commerce. Section 212.08(8) provides as follows:
“Sales, rental, storage, use tax; specified exemptions. — The sale at retail, the rental, the use, the consumption, the distribution and the storage to be used or consumed in this state, of the following tangible personal property, are hereby specifically exempt from the tax imposed by this chapter.
*659 « * * *
“(8) Partial exemptions, vessels engaged in interstate or foreign commerce. —All vessels which are licensed as common carriers by the Interstate Commerce Commission and parts thereof used to transport persons or property in interstate or foreign commerce shall be subject to the taxes imposed in this chapter only to the extent provided herein. The basis of the tax shall be the ratio of intrastate mileage to interstate or foreign mileage traveled by the carrier during the previous fiscal year. The ratio would be determined at the close of the carrier’s fiscal year. This ratio shall be applied to the total purchases of such vessels and parts thereof each month to establish that portion of the total used and consumed in intrastate movement and subject to the tax at the applicable rate. Vessels which are licensed as common carriers by the Interstate Commerce Commission and parts thereof used to transport persons or property in interstate and foreign commerce are hereby determined to be susceptible to a distinct and separate classification for taxation under the provisions of this chapter.” [Emphasis added.]
Petitioner firstly contends that the items taxed are “parts” of the vessel and therefore, subject to partial exemption.[1] This contention rests upon our interpretation of the word “parts” to mean those items placed on board a ship to facilitate the purpose of the voyage. Petitioner secondly contends that even assuming the items taxed are not “parts” of the vessel, the items taxed are nevertheless partially exempt as “total purchases of such vessels.”
In response to petitioner’s first contention, respondent urges us to accept a more restrictive definition of the word “parts” to mean only those items attached to the vessel. In support thereof, respondent quotes from Section 12A-1.64(5)(c), Florida Administrative Code which, while not defining the word “parts” does, allegedly, eliminate all of the items taxed from exemption. Said section, in part, reads as follows:
“Groceries, medicines and other items specifically exempted by other sections of the statute are also exempt when sold for use on said vessels. The sale of other tangible personal property not specifically exempted by other sections of the statute is taxable when sold for use on vessels operating in interstate or foreign commerce.” [Emphasis added.]
In addition, in response to petitioner’s contention concerning the interpretation of the phrase “total purchases of such vessels,” respondent argues that said phrase refers only to the actual purchases of various vessels, and not items purchased by the vessel for use thereon. In support of its interpretation, respondent relies upon the wording of Section 212.08(8), in its pre-1973 amendment form.[2] Then, the pertinent phrase read “total purchases by the carriers of vessels and parts thereof.”
It is our opinion that, after reading Section 212.08(8) and the applicable regulations of the Department of Revenue, the specific items placed on board petitioner’s vessels were taxable by respondent, however, taxable only upon a pro rata basis.
The decision reached today is based neither upon a definition of the word “parts” or an interpretation of the phrase “purchases of such vessels.” Rather, the result by us stems from respondent’s own administrative rules. Admittedly, without the aid of those rules, we would be hard-pressed to reach the above conclusion, for the reasons that ambiguous tax exemption statutes are to be construed against the taxpayer. Williams v. Jones, 326 So.2d 425 (Fla.1975). However, we are authorized to *660 accord considerable weight to administrative rules from the Department of Revenue which interpret the sales and use tax statutes. State ex rel. Szabo Food Services, Inc., of N. C. v. Dickinson, 286 So.2d 529 (Fla.1973). See also McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977).
Firstly, respondent relies upon Section 12A-1.64(5)(e), Florida Administrative Code, for the proposition that tangible personal property which is not specifically exempted by the statute is taxable when sold for use on vessels operating in interstate or foreign commerce. Subsection (5)(c) is set forth fully, as follows:
“All vessels which are licensed as common carriers by the Interstate Commerce Commission and parts thereof used to transport persons or property in interstate or foreign commerce shall be subject to the taxes imposed in this chapter only to the extent provided herein. The basis of the tax shall be the ratio of intrastate mileage to interstate or foreign mileage traveled by the carrier during the previous fiscal year. The ratio would be determined at the close of the carrier’s fiscal year. This ratio shall be applied to the total purchases of such vessels and parts thereof each month to establish that portion of the total used and consumed in intrastate movement and subject to the tax at the applicable rate. Common carriers who make any purchases hereunder must qualify as dealers subject to audit and extend in writing a resale certificate in lieu of tax, stating the specific reasons for exemption.
“Groceries, medicines and other items specifically exempted by other sections of the statute are also exempt when sold for use on said vessels. The sale of other tangible personal property not specifically exempted by other sections of the statute is taxable when sold for use on vessels operating in interstate or foreign commerce.”
We fully agree with the proposition espoused by respondent and hold that respondent had the right to tax petitioner’s personal property.
A further reading of Section 12A-1.64, however, reveals the following rules:
“(17) Casserole dishes and creamers, china, glass and silverware used in providing meals aboard aircraft, ships and vessels, and trains are taxable at 4% and do not qualify for proration under paragraph (5) of this rule.” [Emphasis added.]
In addition, subsection (19) of the above rule provides that:
“Materials and supplies, such as sandpaper, blasting sand, sanding discs, masking tape, rags, mineral spirits, tools, etc., used in the repair and maintenance of ships, including ships of foreign registry while they are docked in Florida, are taxable at 4%r
Read in pari materia, the above rules appear to denote a policy of the Department of Revenue to tax expendable items placed on board an interstate and/or foreign carrier only upon a pro rata basis. Respondent’s reliance upon the second paragraph of subsection (5)(c), set forth above, as authority for a full 4% tax would make meaningless the various rules of the Department of Revenue that follow and we will not construe the various subsections of Section 12A-1.64 to be in conflict and inconsistent with each other. See Florida Jai Alai, Inc. v. Lake Howell Water & Reclamation District, 274 So.2d 522 (Fla.1973); Weitzel v. State, 306 So.2d 188 (Fla. 1st DCA 1974).
Though the rules of the Department of Revenue do not define the word “parts” or construe the phrase “purchases of vessels,” we believe that the intent of Section 212.-08(8), as interpreted through the rules of respondent, was to tax an interstate and/or foreign commerce carrier only upon the basis of presence within the territorial limits of the State of Florida. Accordingly, we hereby grant certiorari and quash the order of the Department of Revenue which taxed petitioner at the full 4% rate.
Certiorari granted.

. Respondent concedes that should this court rule that the items taxed qualify as “parts of the vessel” pursuant to Section 212.08(8), the formula of apportionment described therein would result in only a negligible tax, as there are few, if any, miles traveled by petitioner within the state of Florida. Accordingly, for all practical purposes, the exemption would be complete and no tax would be assessed.

. Amended by Laws of Florida, Chapter 73-240, § 1, effective June 22, 1973.