364 So.2d 433 (1978)
TROPICAL SHIPPING & CONSTRUCTION COMPANY, LTD., a Bahamas Corporation Authorized to Do Business in Florida, Appellant,
v.
Reubin O'D. ASKEW et al., Appellees.
BIRDSALL, INC., a Florida Corporation, Appellant,
v.
Reubin O'd. ASKEW et al., Appellees.
No. 49823.
Supreme Court of Florida.
July 20, 1978.
Rehearing Denied December 8, 1978.
*434 Philip T. Weinstein of Cunningham & Weinstein, Miami, and Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellants.
Robert L. Shevin, Atty. Gen., and Caroline C. Mueller, Asst. Atty. Gen., Tallahassee, and William B. Corbett, Jr., Tallahassee, for appellees.
ADKINS, Justice.
We have before us a case in which a judge from the Second Judicial Circuit passed directly upon the constitutionality of Section 212.08, Florida Statutes (1973) which provides a partial exemption from Florida's sales and use taxes for vehicles and vessels engaged in interstate or foreign commerce. We have jurisdiction pursuant to Article 5, Section 3(b)(1), Florida Constitution.
Tropical Shipping & Construction Co. [hereinafter referred to as Tropical] is engaged in foreign commerce between Florida and the Bahamas. The company mainly transports goods which are loaded in trailers and containers. The only distinction between a trailer and a container is that a trailer has wheels permanently affixed to it, whereas a container has wheels affixed to it temporarily. Goods are loaded into these trailers or containers which are then hauled over Florida's highways. Upon reaching port, the trailers and containers are loaded upon Tropical's ships and transported to the Bahamas and other islands in the Caribbean. This intermodal method of shipping has been characterized as "fishyback." Upon delivery, the goods are unloaded and the trailers and containers are re-used by Tropical in other delivery transactions.
*435 Birdsall, Inc., is a Florida corporation which hauls Tropical's trailers and containers before and after they are shipped overseas. Birdsall is licensed by the Florida Public Service Commission to transport goods moving in foreign commerce.
Both Tropical and Birdsall bought trailers and containers in the period from January 1970 through December 1972. In September of 1973, both companies filed complaints in circuit court, seeking a declaratory judgment on their right to pro-rate their sales and use taxes for these purchases under the formula provided in Section 212.08(9), Florida Statutes (1973). This section provides:
(9) PARTIAL EXEMPTIONS, VEHICLES ENGAGED IN INTERSTATE OR FOREIGN COMMERCE.  Vehicles which are licensed as common carriers by the Interstate Commerce Commission or by the Civil Aeronautics Board and parts thereof used to transport persons or property in interstate or foreign commerce are subject to tax imposed in this chapter only to the extent provided herein. The basis of the tax shall be the ratio of intrastate mileage to interstate or foreign mileage traveled by the carrier during the previous fiscal year of the carrier, such ratio to be determined at the close of the carrier's fiscal year. This ratio shall be applied each month to the total purchases of such vehicles and parts thereof which are used in Florida to establish that portion of the total used and consumed in intrastate movement and subject to tax under this chapter. Vehicles which are licensed as common carriers by the Interstate Commerce Commission or the Civil Aeronautics Board and parts thereof used to transport persons or property in interstate and foreign commerce are hereby determined to be susceptible to a distinct and separate classification for taxation under the provisions of this chapter.
The trial judge held that containers were not subject to the partial tax exemption "for the reason that they are not vehicles but rather constitute cargo." Though the trial judge held that the statute applied to trailers which were therefore subject to the pro-ration formula, appellants object to the manner in which the formula was applied.
This last point needs further clarification. The purpose of the partial tax exemption is to prevent the state from exceeding its powers to tax interstate and foreign commerce. The pro-ration formula was designed so that Florida would only tax that portion of commerce activity that occurred within the state. Unfortunately the exact language of the statute establishing a "ratio of intrastate mileage to interstate or foreign mileage" does not do this. The Department of Revenue, however, has applied the statute by constructing a ratio in which the numerator is the miles traveled in Florida and the denominator is the total miles traveled by the vehicle. This is the correct application and allows Florida to tax the percentage of interstate and foreign commerce activity which occurs within Florida's boundaries.
In this case the lower court held that the only mileage to be considered is the distance traveled by the trailers while on the highways. Appellants object to this application. They claim that the miles the trailers traveled while riding "fishy-back" should be included in the denominator of total miles traveled. In sum, Tropical and Birdsall are challenging the lower court's interpretation of the statute as applied to containers and the court's application of the proration formula as applied to trailers.
In interpreting this statute we are faced with two competing policies. First, we are obligated to narrowly construe tax exemption statutes. See Volusia County v. Daytona Beach Racing and Recreational Facilities District, 341 So.2d 498 (Fla. 1976). On the other hand, we must construe the statute in accordance with the provisions of the United States Constitution. Section 212.21(3), Florida Statutes (1973); L.B. Smith Aircraft Corp. v. Green, 94 So.2d 832 (Fla. 1957). That is, we may not construe the statute so narrowly as to deny businesses engaged in interstate or foreign commerce their right to be free from undue state interference.
*436 First we note that Florida has the right to tax interstate or foreign commerce to impose "a fair share of the cost of the local government." Freeman v. Hewit, 329 U.S. 249, 67 S.Ct. 274, 91 L.Ed. 265 (1947). The United States Supreme Court has upheld the usage of a pro-ration formula to fairly apportion the cost of doing business in the state. Braniff Airways v. Nebraska State Board of Equalization and Assessment, 347 U.S. 590, 74 S.Ct. 757, 98 L.Ed. 967 (1954). Thus Florida's pro-ration of its sales and use tax is a valid method for insuring that business engaged in interstate and foreign commerce pay their fair share.
Now we must decide whether the tax on the sale and use of containers should be pro-rated. We see little difference between a container and a trailer. In this case, both serve essentially the same function. Though a container may rationally be called a vehicle, we need not go that far. The partial tax exemption applies to parts of vehicles as well as vehicles. Section 212.08(9), Florida Statutes (1973). We hold that when a container is attached to wheels it becomes part of a vehicle. Thus for purposes of this statute, containers and trailers will be treated the same.
The second problem is the application of the pro-ration formula to the facts of this case. As mentioned earlier, the tax should be based on the percentage of intrastate mileage to total mileage. The question is whether the seagoing mileage should be included in the ratio. At this point, it is convenient to refer to Section 212.08(8), Florida Statutes (1973) which provides:
(8) PARTIAL EXEMPTIONS, VESSELS ENGAGED IN INTERSTATE OR FOREIGN COMMERCE.  All vessels which are licensed as common carriers by the Interstate Commerce Commission and parts thereof used to transport persons or property in interstate or foreign commerce shall be subject to the taxes imposed in this chapter only to the extent provided herein. The basis of the tax shall be the ratio of intrastate mileage to interstate or foreign mileage traveled by the carrier during the previous fiscal year. The ratio would be determined at the close of the carrier's fiscal year. This ratio shall be applied to the total purchases of such vessels and parts thereof each month to establish that portion of the total used and consumed in intrastate movement and subject to the tax at the applicable rate. Vessels which are licensed as common carriers by the Interstate Commerce Commission and parts thereof used to transport persons or property in interstate and foreign commerce are hereby determined to be susceptible to a distinct and separate classification for taxation under the provisions of this chapter.
This statute applies the same pro-ration formula to vessels and their parts as Section 212.08(9), Florida Statutes (1973) applies to vehicles and their parts. Read in pari materia these two statutes indicate a clear legislative intent to grant the partial tax exemption to all accessories used for transporting goods in interstate or foreign commerce, whether that transportation occurs over land or over water. The containers and trailers in this case were bought by the appellants for the sole purpose of helping them to transport goods in foreign commerce.
Clearly Tropical would pay only a partial use and sales tax on a container that was permanently affixed to the ship. We do not read the statute as requiring, nor do the Department of Revenue's rules indicate, that "parts of vessels" must be permanently attached. Accord, Klosters Rederi v. Department of Revenue, 348 So.2d 656 (Fla.3d DCA 1977). It is much more practical for the container to be unattached. It allows for easier loading and unloading and reduces the chances of theft and pilferage.
We cannot conclude, as the trial judge did, that containers and trailers are cargo, while traveling "fishy-back." Cargo refers to goods that are delivered to another person. The trailers and containers here are not delivered to anyone. They are owned, operated, and kept by Tropical and Birdsall. As such they share all the characteristics of other equipment used by common carriers in transporting goods in foreign commerce.
*437 We believe trailers and containers are parts of vehicles for purposes of Section 212.08(9), Florida Statutes (1973) when traveling on highways and parts of vessels for purposes of Section 212.08(8), Florida Statutes (1973) when traveling "fishy-back." Under this view Tropical and Birdsall should only pay a percentage of the sales and use tax which represents the number of miles traveled by the containers and trailers in Florida over the total miles traveled including the miles traveled "fishy-back." We therefore reverse and remand the cases to the trial judge with instructions to enter a new order in accordance with this opinion.
BOYD, OVERTON, HATCHETT and ALDERMAN, JJ., concur.
ENGLAND, C.J., and SUNDBERG, J., dissent.