403 So.2d 397 (1981)
STATE DEPARTMENT OF REVENUE, Petitioner,
v.
Robert N. ANDERSON, etc., Respondents.
No. 58994.
Supreme Court of Florida.
July 23, 1981.
Rehearing Denied September 29, 1981.
*398 Jim Smith, Atty. Gen. and Linda C. Procta, Asst. Atty. Gen., Tallahassee, for petitioner.
Howard Hochman of the Law Offices of A. John Goshgarian, Miami, for respondents.
McDONALD, Justice.
The Court accepted jurisdiction to review alleged conflict between Anderson v. State Department of Revenue, 380 So.2d 1083 (Fla. 3d DCA 1980), and Pioneer Oil Co., Inc. v. State Department of Revenue, 381 So.2d 263 (Fla. 1st DCA 1980), approved, 401 So.2d 1319 (Fla. 1981). Art. V, § 3 (b)(3), Fla. Const. Although we consolidated these cases for oral argument, we choose to issue separate opinions. We disapprove the Third District's decision.
Anderson and Out Island Charters, Inc., sold, leased, repaired, and chartered yachts. From 1973 through 1976 Anderson, the principal of Out Island, sold yachts to individuals who entered into agreements whereby Out Island leased the yachts on a "bare boat"[1] basis to third parties. Anderson did not collect sales tax from the purchasers, but did collect sales tax on third-party leases. When Anderson sold the yachts, none of his purchasers were registered dealers as required by chapter 212, Florida Statutes (1975 and Supp. 1976).[2] Anderson believed the transactions exempt from sales tax because the purchases were for rental purposes.
After an audit, the Department of Revenue (DOR) assessed more than $26,000 in sales tax, penalties, and interest. At Anderson's request, most of the purchasers subsequently executed both affidavits stating that the yachts were used exclusively for leasing and certificates of resale; most also registered with DOR as dealers. On appeal from an adverse administrative decision, the Third District ruled that a taxpayer may avoid a tax assessment by showing that use was for an exempt purpose even though such taxpayer failed to file the required dealer's certificate at the time of purchase.
We disagree with this basic holding. The principal purpose of chapter 212 is to raise revenue. See Gaulden v. Kirk, 47 So.2d 567 (Fla. 1950). Section 212.05 declares that selling tangible personal property at retail is a taxable privilege and imposes a sales tax on such transactions. Sales tax is due and owing as of the moment of sale. § 212.06(1)(a), (3), Fla. Stat. Section 212.02(3)(a) defines a retail sale as "a sale to a consumer or to any person for any purpose other than for resale" and further states that resales "must be in strict compliance with rules and regulations and any dealer making a sale for resale which is not in strict compliance with rules and regulations shall himself be liable for and pay the tax." (Emphasis supplied.) A "sale" is defined to include lease or rental.[3] § 212.02(2)(a), Fla. Stat. Additionally, anyone who wants to engage in business as a dealer[4] must register with DOR. § 212.18(3), Fla. Stat.
*399 Pursuant to its rule-making authority,[5] DOR promulgated rule 12A-1.38, Florida Administrative Code, to implement the resale provisions of section 212.02(3)(a). The parts of rule 12A-1.38 pertinent to this case read as follows:
(1) It is the specific legislative intent that each and every sale, admission, use, storage, consumption or rental is taxable under Chapter 212, F.S., unless such sale, admission, use, storage, consumption or rental is specifically exempt. The exempt status of the transaction must be established by the dealer. Unless the dealer shall have taken from the purchaser a certificate to the effect that the property or service was purchased for resale and bearing the name and address of the purchaser and the number of his dealer's certificate of registration or a certificate bearing the number of his consumer's exemption certificate, the sale shall be deemed to be a taxable sale at retail.

(2) A resale certificate is required from every purchaser who purchases tangible personal property or service for resale. Otherwise the dealer will be required to collect and remit the tax to the Department of Revenue... .
(3) A dealer shall refuse to accept a resale certificate ... and shall collect the tax unless the purchaser has obtained a dealer's certificate of registration from the Department of Revenue and the number of his dealer's certificate of registration is stated on the resale certificate.
(4) Any resale certificate containing the statement to the effect that a purchase is for resale which contains the date, purchaser's name, address and dealer's certificate of registration number and dealer's signature shall be sufficient compliance with the law only to the extent provided by this rule. Such certificate shall show that the property or service was purchased (a) for resale or ... (b) for some other purpose which is exempt under the law. Certificates issued under classification (a) may be given only by a purchaser who has obtained a dealer's certificate of registration from the Department of Revenue, and the number of this certificate of registration must appear on the resale certificate. Certificates issued under classification (b) should bear the purchaser's consumer's certificate of exemption number when applicable.
(Emphasis supplied.)
By statute, therefore, a dealer who makes a sale for resale which does not comply with chapter 212 and DOR's rules is himself liable for payment of the sales tax. By both statute and rule, a dealer must register with DOR. Finally, by rule, purchasers of items for resale must give their sellers certificates of resale bearing the name and address of the purchaser and the number of his dealer's certificate of registration.
Although taxing statutes are strictly construed against a taxing authority, exemptions are strictly construed against the taxpayer. State ex rel. Szabo Food Services, Inc. v. Dickinson, 286 So.2d 529 (Fla. 1973); United States Gypsum Co. v. Green, 110 So.2d 409 (Fla. 1959). The legislature, besides giving DOR rule-making power and expressly requiring compliance with DOR's rules and regulations, has stated its intent that any exemptions granted be subject to conditions pertaining to those exemptions. § 212.21(2), Fla. Stat. In the transactions in the instant case, the method of demonstrating exemption, as provided by statute and rule, was not followed. At the time of sale, none of Anderson's purchasers was registered as a dealer and none gave, or even could have given, a valid certificate of resale. Unlike the district court, we do not find that the later registration and tender of certificates by some of the purchasers establishes their exempt status at the time of sale.
The power to make rules is essentially administrative and necessary to the complete administration of the law. See Richardson v. Baldwin, 124 Fla. 233, 168 So. 255 (1936). The legislature has given DOR *400 rule-making power, which DOR has exercised in a reasonable manner. We realize that our ruling may impose a hardship on individuals in isolated instances, but any such hardship is outweighed by public policy considerations. Chapter 212 imposes a tax on the privilege of doing business, computed upon the price of the commodity sold or the service rendered. It is the responsibility of those benefitting from the privilege to comply with the statute and the rules promulgated pursuant thereto.
The district court's reference to "double taxation" (380 So.2d at 1087) is unclear. We do not find that upholding this assessment will result in double taxation. See Ryder Truck Rental, Inc. v. Bryant, 170 So.2d 822 (Fla. 1964); American Video Corp. v. Lewis, 389 So.2d 1059 (Fla. 1st DCA 1980). We disapprove the court's first holding.
We also disagree with the district court's holding that DOR changed its position regarding the taxability of the instant transactions and that Anderson had a right to rely on the interpretation originally set forth.
In March 1973 Anderson purchased a sailing vessel and paid the applicable sales tax. He later incorporated Out Island Charters, and that corporation became registered as a dealer in July 1973. Because the vessel was being leased out, Anderson felt that his original purchase should have been exempt. In 1974 a refund of the sales tax paid by Anderson was made to Out Island.[6]
The DOR examiner who corresponded with Anderson regarding the refund is now an area office coordinator for the department. Through a deposition received into evidence by the hearing officer, he testified that late registration as a dealer and late tender of a resale certificate would not prevent exemption of a sale for resale such as occurred in this case. In response to a subpoena requesting evidence of all such past transactions, however, this area coordinator could produce only one example where DOR had acknowledged such conduct as a tax exempt purchase. In opposition to this testimony, an examiner, another area office coordinator, and DOR's executive director all testified that late registration and/or late tender of a resale certificate would not make a transaction exempt from sales tax.
In reaching its holding, the district court relied on Outdoor Advertising Art, Inc. v. Florida Department of Transportation, 366 So.2d 114 (Fla. 1st DCA 1979). In that case, the First District found the Department of Transportation's (DOT's) long-standing practice of not removing advertising signs even though permit fees were late constituted an administrative construction of the applicable statutes. The court regarded that policy as persuasive and refused to allow DOT to change it.
Given the conflicting testimony, we do not agree that DOR has a long-standing policy of allowing late registration as a dealer to relate back to the time of a sale in order to demonstrate an exemption. Therefore, we find the district court's reliance on Outdoor Advertising to be misplaced.
As a general rule, equitable estoppel will be applied against the state only in rare instances and under exceptional circumstances. North American Co. v. Green, 120 So.2d 603 (Fla. 1959). Another general rule is that the state cannot be estopped through mistaken statements of the law. Department of Revenue v. Hobbs, 368 So.2d 367 (Fla. 1st DCA), appeal dismissed, 378 So.2d 345 (Fla. 1979); Austin v. Austin, 350 So.2d 102 (Fla. 1st DCA 1977), cert. denied, 357 So.2d 184 (Fla. 1978). In order to demonstrate estoppel, the following elements must be shown: 1) a representation as to a material fact that is contrary to a later-asserted position; 2) reliance on that representation; and 3) a change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon. Greenhut Construction Co. v. Henry A. Knott, Inc., 247 So.2d 517 (Fla. 1st DCA 1971). Anderson failed to show the existence of these elements. If anything, the record demonstrates that Anderson knew, at least by the time of receiving the *401 refund in 1974, that registration as a dealer and tender of a resale certificate were necessary to establish an exemption on a sale for resale.
We therefore disapprove the district court's decision and remand this case for issuance of orders consistent with this opinion.
It is so ordered.
BOYD, OVERTON, ENGLAND and ALDERMAN, JJ., concur.
ADKINS, J., concurs in result only.
SUNDBERG, C.J., dissents with an opinion.
SUNDBERG, Chief Justice, dissenting.
Because the hearing examiner found that the department had changed its policy or practice regarding the necessity for the dealer's certificate during the progress of its determination of the tax due from the sale of respondent's boats, which finding was accepted by the district court of appeal, I would approve the decision of the district court upon this alternative holding. See section 120.68(12)(b), Florida Statutes (1979); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Westerman v. Shell's City, Inc., 265 So.2d 43 (Fla. 1972).
NOTES
[1] In a "bare boat" lease, the lessor either does not provide a crew or else does provide a crew which is hired by the lessee under a separate employment contract.
[2] Due to the time span involved in this case, the pertinent statutes are from 1971, 1973, 1975, and the 1976 Supplement. Statutory references are to the last two years because any amendments to the prior statutes are not pertinent to the disposition of this case.
[3] The "other than for resale" language, therefore, includes merchandise to be rented or leased out after purchase.
[4] "Dealer" includes persons who rent or lease tangible personal property. § 212.06(2)(e), Fla. Stat.
[5] §§ 212.17(6), 212.18(2), Fla. Stat.
[6] The record does not reflect that DOR was aware that an unregistered individual paid the tax and that a subsequently registered corporation received the refund.