MILLS, Judge.
United Parcel Service (U.P.S.) appeals from the Comptroller’s final order that determined which U.P.S. vehicles were subject to the partial exemption provided by Section 212.08(9), Florida Statutes (1979), established the ratio formula to be used in computing the use and sales tax due on the vehicles under Section 212.08(9) and denied U.P.S.’s claim for a sales tax refund. We reverse.
U.P.S. operates in Florida and is a carrier certified by the Interstate Commerce Commission. The parties agree that all U.P.S. vehicles operate in interstate commerce. U.P.S. has vehicles which travel only in Florida, travel in Florida and other states, and travel only in other states.
On 25 October 1979, pursuant to Section 215.26, Florida Statutes, (1979) U.P.S. filed two refund claims with the Department of Revenue seeking refunds for sales and use taxes paid from 25 October 1976 to the time of filing the claims. The basis of the refund claims was that U.P.S. had mistakenly paid the full use taxes on vehicles and parts brought into and used in Florida and the full sales taxes on parts purchased in Florida when, in fact, U.P.S. was entitled to the partial exemption provided by Section 212.08(9), Florida Statutes. The total estimated claim was for $489,815, but U.P.S. and the Department of Revenue agreed to determine the exact amount when the applicability of Section 212.08(9) was determined.
The Comptroller issued a Notice of Intent to Deny the refund claims on the ground that they included claims for re *265 funds on vehicles involved solely in intrastate commerce. U.P.S. petitioned for a formal hearing under the Administrative Procedure Act. The Comptroller then made the additional assertion that U.P.S. was precluded under the rationale of Department of Revenue v. Anderson, 403 So.2d 397 (Fla.1981), from receiving a sales tax refund because it did not file dealer certificates at the time of purchase as required by Florida Administrative Code Rule 12A-1.64(5)(a).
Based on a Stipulation of Facts, the hearing officer issued a Recommended Order finding, among other things, that (1) all U.P.S. vehicles used in Florida are entitled to the partial exemption; (2) the ratio used to determine the amount of the exemption should be the ratio of total Florida mileage of all U.P.S. vehicles to the total mileage of all U.P.S. vehicles with at least some Florida mileage; and (3) it was not necessary to reach the issue of the applicability of Department of Revenue v. Anderson.
U.P.S. and the Comptroller filed exceptions to the Recommended Order. The Comptroller then filed his Proposed Recommended Order which rejected the hearing officer’s determination that all U.P.S. vehicles used in Florida are entitled to the partial exemption, concluding that only U.P.S. vehicles with both Florida and non-Florida mileage were so entitled. The Comptroller also rejected the hearing officer’s formulation of the ratio used in calculating the exemption, concluding that it should be the ratio of the total Florida mileage of those vehicles with both Florida and non-Florida mileage to the total mileage of those vehicles with both Florida and non-Florida mileage. The Comptroller also took the position that U.P.S. was precluded under the Anderson rationale from a sales tax refund because it did not file dealer certificates at the time of purchase.
The Comptroller issued a Final Order adopting the hearing officer’s findings of fact but adopting the conclusions of law from his own Proposed Recommended Order.
U.P.S. contends that the partial exemption of Section 212.08(9) applies to all vehicles and parts thereof in interstate commerce and purchased or used in Florida; that the ratio to be applied is the total miles traveled in Florida by all U.P.S. vehicles in Florida, whether those vehicles travel outside Florida at times or only in Florida, to the total mileage of all U.P.S. vehicles wherever situated and regardless of whether those vehicles have ever been in Florida; and that the Anderson case is not applicable to this case.
Section 212.08(9) provides that “vehicles which are licensed as common carriers by the Interstate Commerce Commission ... and parts thereof used to transport persons or property in interstate or foreign commerce are subject to tax imposed in this chapter only to the extent provided herein.” The Comptroller agrees with U.P.S. that U.P.S. vehicles operating solely within Florida are used in interstate commerce. U.P.S. is also registered as a common carrier with the I.C.C. Clearly, U.P.S. vehicles operating in Florida, whether or not they ever operate outside Florida, are subject to the partial exemption provided by Section 212.08(9). It was therefore error for the Comptroller to allow the partial exemption on only those vehicles traveling in and out of Florida.
Section 212.08(9) further states that “[t]he basis of the tax shall be the ratio of intrastate mileage to interstate or foreign mileage traveled by the carrier....” The Comptroller contends that this means miles traveled by those vehicles with both Florida and non-Florida mileage. U.P.S. says “mileage traveled by the carrier” means mileage traveled by all vehicles of the carrier wherever situated. The hearing officer concluded that the phrase meant miles traveled by the carrier’s vehicles with at least some Florida mileage. We agree with the hearing officer.
The only case considering the construction of this provision is Tropical Shipping & Const. Co., Ltd. v. Askew, 364 So.2d 433 (Fla.1978), where the Supreme Court said:
*266 The Department of Revenue, however, has applied the statute by constructing a ratio in which the numerator is the miles traveled in Florida and the denominator is the total miles traveled by the vehicle. This is the correct application. (Emphasis added)
This would appear to mean that the ratio should be formulated by aggregating the mileage of only those vehicles with both Florida and non-Florida mileage. Yet the court was not specifically considering which vehicles of the carrier should be included in the ratio formulation, only whether certain mileage of vehicles traveling both in and out of Florida should be included in the ratio formulation.
U.P.S.’s construction appears to comport with a literal reading of the statute, but it is hard to see why the legislature would want to include all the mileage from U.P.S. delivery vans in Minnesota, for instance, in constructing a formula for taxation of vehicles used in Florida. It is not constitutionally required. Also, exemption provisions are to be construed against the taxpayer.
The hearing officer’s finding which is most logical is to figure the ratio based on the mileage of those vehicles which are clearly eligible for the partial exemption, i.e., those vehicles with only Florida mileage and those vehicles with both Florida and non-Florida mileage. The numerator would be the total Florida mileage of all U.P.S. vehicles and the denominator would be the total mileage of those U.P.S. vehicles with at least some Florida mileage. Even the mileage of those vehicles with only Florida mileage should be included in the denominator.
U.P.S. admits it did not comply with Rule 12A-1.64(5)(a), but asserts that this should not be fatal to its refund claim. The Comptroller says it is fatal because in Anderson supra, the Supreme Court held that failure to obtain a certificate under the sale for resale sales tax exemption precluded assertion of that exemption as a defense to a Department of Revenue assessment.
Anderson did not deal with a refund claim under Section 215.26(2). Neither did it deal with the partial exemption of Section 212.08(9). This is not a situation, as in Anderson, where a taxpayer is attempting to avoid paying taxes. Here, the taxes were actually paid under the erroneous assumption that U.P.S. was not entitled to the partial exemption. To deny a refund because of failure to comply with the administrative rule in such a situation would render Section 215.26(2) meaningless as it applies to Section 212.08(9).
We reverse the final order on all these issues and remand for entry of an order consistent with this decision.
THOMPSON and WIGGINTON, JJ., concur.