WENTWORTH, Judge,
dissenting.
I respectfully dissent because the statute provides explicitly in these circumstances that a dealer may not keep for his own benefit, as a credit, the sales taxes paid to him by purchasers unless there is an “unpaid balance due him when he repossesses.” (e.s.) Section 212.17(2), Florida Statutes, provided:
A dealer who has paid the tax imposed by this chapter on tangible personal property sold under a retained title, conditional sale, or similar contract, or under a contract wherein the dealer retains a security interest in the property pursuant to chapter 679, may take credit or obtain a refund for the tax paid by him on the unpaid balance due him when he repossesses (with or without judicial process) the property, in the same manner as he may obtain a credit or a refund under subsection (1) of this section upon the return of purchases. When such repossessed property is resold, the sale is subject in all respects to the tax imposed by this chapter, (e.s.)
This was precisely the distinction made by the Department when it granted the credit for those transactions where MHI could show a balance due to MHI after repossession because it bought back the paper from *1164 Commercial Credit. Whatever other benefits did or did not accrue to MHI from the alternative procedure involved in this case, by which it avoided the repurchase and resumption of creditor status when it effected an immediate resale, it clearly did not meet the statutory conditions for credit because MHI, the dealer, did not have the necessary creditor status under a “security interest ... pursuant to chapter 679” at the time of repossession. Nor can this statutory prescription be regarded as form without substance, because the statutory grant of credit is not based simply on successive sales of the same property item by a dealer. On each such sale the tax is due and payable by the purchaser upon the total sale price whether cash or credit, and to that extent “double taxation” is the rule. The right to credit may accrue only when all the conditions are met, i.e., when the repossession is by a dealer and that dealer has an unpaid balance due him under a retained security contract.
The legislative purpose is clear: to impose the tax on successive sales without rebate except when the dealer never in fact received the sales price or any comparable obligation or benefit, as from sale and assignment of the security interest to Commercial Credit in this case. It is equally clear that no estoppel arose from the Department’s willingness to equate repurchase with retention of the security interest. Nor does the Department’s articulation of this distinction by Rule 12A-1.12, adopted after the assessment here in question, affect in any way • the validity and clarity of the pre-existing statutory terms to the same effect, which were relied on by the Department in this case.
The trial judge based his order granting summary judgment to MHI in part on two cases, Estate of W.T. Grant Co. v. Lewis, 358 So.2d 76 (Fla. 1st DCA 1978), and Anderson v. State Department of Revenue, 380 So.2d 1083 (Fla. 3d DCA 1980), disapproved and remanded, 403 So.2d 397, on remand, 405 So.2d 242. He appears to have misread the former case and ignored the Supreme Court’s comments in disapproving the latter.
I would reverse and reinstate the 1977 assessment of tax delinquencies in amount of $229,258.90 for the period March 1,1973, through March 31, 1976, with appropriate interest, which was then computed at $50,-958.46, for tax proceeds collected by appel-lee but never remitted because of the credit claim, which I would conclude was properly denied at the time of audit and assessment.