659 So.2d 1255 (1995)
Linda LEWIS, Appellant,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 94-3009.
District Court of Appeal of Florida, Fourth District.
August 30, 1995.
*1256 Diana L. Grubman of Legal Aid Service of Broward County, Inc., Pompano Beach, for appellant.
Jacqueline S. Banke of Department of Health & Rehabilitative Services, Fort Lauderdale, for appellee.
PER CURIAM.
We affirm a final administrative order which found Linda Lewis liable for $696.00 food stamp over-issuance and permitted the Department of Health and Rehabilitative Services (HRS) to recoup a $586.00 overpayment of AFDC benefits.
Lewis, while receiving food stamps and AFDC benefits, submitted a status change report indicating an increase in her household income and a decrease in her household composition. HRS failed to act on this change report for approximately nine months. Several additional months later HRS notified Lewis and began to recoup the over-issuance by decreasing her monthly AFDC and food stamp benefits. Lewis requested a hearing to contest these reductions.
At the hearing, Lewis argued that HRS should be precluded from recouping the benefits under the doctrine of equitable estoppel because HRS had failed to timely act on the status change report. The hearing officer, concluding that the doctrine of equitable estoppel was inapplicable, denied relief.[1]
Florida Administrative Code Rule 10C-1.900 and 7 C.F.R. § 273.18 require HRS to recoup overpaid benefits. Lewis argues that notwithstanding these rules, the doctrine of equitable estoppel should be applied. Although the doctrine of equitable estoppel may be applicable to certain overpayment-recoupment situations, we conclude that it is inapplicable here.
In State Dept. of Revenue v. Anderson, 403 So.2d 397 (Fla. 1981), the supreme court stated that:
[a]s a general rule, equitable estoppel will be applied against the state only in rare instances and under exceptional circumstances... . In order to demonstrate estoppel, the following elements must be shown: (1) a representation as to a material fact that is contrary to a later-asserted position; (2) reliance on that representation; and (3) a change in position detrimental to the party claiming estoppel, *1257 caused by the representation and reliance thereon.
Id. at 400.
Lewis failed to demonstrate to the HRS hearing officer either an affirmative representation by HRS or a change in position caused by a representation by HRS. We have considered Fraga v. Dept. of Health and Rehabilitative Services, 464 So.2d 144 (Fla. 3d DCA 1984), rev. denied, 475 So.2d 694 (Fla. 1985), relied on by Lewis in arguing that the act of continuing monthly benefits after receiving the change report constitutes an affirmative representation by HRS. However, we deem Fraga inapposite. There, HRS failed to respond for two years to a doctor's inquiries as to his continued eligibility to treat patients, because he was not board certified although otherwise eligible. In the interim, he continued to treat his patients, and HRS continued to pay until they demanded a refund of $38,000, although the services were competently rendered. Fraga presents a far different situation from that presented in the instant case where the recipient remained silent. Additionally, in Fraga, it is evident that the doctor acted to his detriment by continuing patient services.
We also reject the notion that simply by cashing her AFDC checks and using food stamp coupons Lewis detrimentally relied on a representation by HRS. In Heckler v. Community Health Services of Crawford County, Inc., 467 U.S. 51, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984), the Supreme Court stated "[w]hen a private party is deprived of something to which it was entitled as a right, it surely has suffered a detrimental change in its position." Id. at 62, 104 S.Ct. at 2225. However, the Court found no detrimental change in position occurred where the only harm was the inability to retain money which should have never been received in the first place. Id. at 61, 104 S.Ct. at 2224. Heckler controls the situation presented by the instant case. Lewis has no vested right to retain the incorrectly paid benefits and therefore HRS should not be precluded from following its regulatory scheme to recover overpayments. See Fla. Admin. Code R. 10C-1.900(4)(A)1.[2]
GLICKSTEIN, STONE and WARNER, JJ., concur.
NOTES
[1] The hearing officer did rule that it was incorrect for HRS to recoup food stamp benefits through a reduction in Lewis' monthly benefits without her consent. Therefore, although Lewis was held liable for the over-issuance of food stamps, because she did not consent, the over-issuance cannot be recovered through a reduction in her monthly benefits.
[2] Recoupment of overpayments of AFDC benefits is made through a reduction in current monthly benefits not to exceed 5% of those benefits.