PER CURIAM.
We affirm the order of the Department of Revenue (DOR) rejecting the appellant’s protest of a $175,000 sales tax assessment on nine buses leased to a related company, Fast Bus Lines, whose main route was between Miami and New York City. Latin Express Service, which has an office in Miami, purchased the buses between December 1990 and July 1991 and titled them in North Carolina, which has a three percent tax on transactions of this kind, with a $1000/vehicle maximum. Florida has a six percent tax with no maximum, see sections 212.05 and 212.06, Florida Statutes. In December 1990, Latin Express leased the buses, with operators, to Fast Bus Lines at the rate of $2625 per trip per bus. Fast Bus Lines obtained an Interstate Commerce Commission certificate authorizing it to engage in transportation as a common carrier. It also obtained North Carolina “apportioned license cab cards” indicating that the buses were proportionally registered with Florida, Georgia, South Carolina, North Carolina, Virginia, Maryland, Pennsylvania, and New York.
In February 1994, DOR issued a “Notice of Final Assessment for Sales or Use Tax, Penalty and Interest Due,” which stated that for the period from December 1990 to July 1991, a total of $175,878.22 was due for “nonpayment of Florida sales/use tax on purchase of motor vehicles” as provided in sections 212.05 and 212.06, Florida Statutes, identifying the nine buses at issue. Latin Express sought review of the assessment on the following grounds:
The assessment of the sales/use tax is protested under Rule 12-6 procedure, on the grounds that it is based on an incorrect interpretation of the Department of Revenue’s (DOR) rules and the applicable Federal and State law.
The DOR has presumed the motor vehicles were purchased and leased in Florida when they were not.
The DOR has assumed the subject vehicles engage in intrastate miles in Florida when they do not and therefore there is no limited proration of taxes based on intrastate and interstate miles as provided for in § 212.08(9), Florida Statutes. The transaction sought to be taxed is totally exempt. The attempted assessment constitutes an impermissible undue burden on interstate commerce.
In its “Notice of Reconsideration,” DOR rejected the protest of assessment, noting that the apportioned registration cards for the buses “shows that Florida mileage was intended” and that “[a]s you related in our discussion, Fast Bus’s main route is interstate, between Miami and New York, New York.” It observed: ‘Your argument then is since the whole route between Miami and New York is interstate, no portion of the route is intrastate by the commonly used meaning and therefore subject to partial taxation.” It ruled that it did not have to reach the question of the definition of “intrastate” because the partial exemption of section 212.08(9)(b) did not apply in this case, citing Florida Administrative Code Rules 12A-1.038, 12A-1.064(4)(a) and 12A-1.064(4)(d).[1] It found that Latin Express and Fast Bus Lines are domiciled in Florida, that Latin Express registered with DOR for sales and use tax purposes in November 1991, that *1344 Fast Bus Lines registered with DOR in April 1991, and that, “based upon the fact that Latin Express is not shown to be licensed as a common carrier with the I.C.C. under the rule we conclude that Latin Express would not receive the benefits of the partial exemption in question.”
In the challenged Notice of Reconsideration, DOR then proceeded to “show the basis for taxation,” citing section 212.06 for the definitions of “dealer” and finding that Latin Express “is a dealer in this state, having purchased for re-lease and leased the vehicles in question.” It noted that a dealer desiring to conduct business in this state must apply for a certification of registration for each place of business under section 212.18(3) before it may engage in such business, and that engaging in business as a dealer without such certification first being obtained is prohibited and is punishable as a misdemeanor. It found that “[t]he lease or rental of the vehicles in question is a taxable transaction under Section 212.02” and that, under section 212.06(l)(a), the six percent tax is collectible from all dealers “on the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state of tangible personal property.” It cited State Department of Revenue v. Anderson, 403 So.2d 397 (Fla.1981), as giving “great weight” to rule 12A1.038, and found that its “estimated assessment” was valid under section 212.12.
We .find that DOR properly rejected the tax assessment protest. From the definitions in section 212.02, it is clear that reference in chapter 212 to “retail sale” or “sale at retail” includes the lease or rental of motor vehicles for any purpose other than for release, and that “use” does not include such a lease or rental of property. The provisions of section 212.06 indicate that any person or corporation maintaining an office or other place of business in Florida that makes a lease, whether within or outside Florida, of tangible personal property for use in Florida is considered a “dealer” who must, at the time of making the lease, collect the tax imposed by this chapter from the lessee. A careful examination of sections 212.05, 212.06, 212.07, and 212.18(3), as well as the documents in the record, demonstrates that Latin Express, which has an office in Miami and leased the buses to Fast Bus Lines for use in Florida as well as in other states, was required to register as a dealer before it entered into the lease with Fast Bus lines and was required to collect from Fast Bus Lines and pay to DOR sales tax on the act of leasing the buses, at the rate of six percent of the cost price of the buses when they entered Florida, or six percent of the gross proceeds from the lease, or six percent of the amount Fast Bus Lines paid for the lease. Section 212.08(9)(b) and the rules implementing it indicate that, whether or not Latin Express was itself licensed as a common carrier by the Interstate Commerce Commission, its lease to Fast Bus Lines, a licensed common carrier, would have qualified for the statutory proration of tax, based on a comparison of the miles the buses traveled in Florida and the total miles the buses traveled between Miami and New York City, if the lease had been entered into in Florida, if Express and Fast Bus Lines had registered with DOR as dealers prior to the lease, and if at the time of the lease, Fast Bus Lines had given Latin Express certificates indicating that the buses were being leased for the purpose of use in interstate commerce, with some of the mileage in Florida, so as to qualify for the proration partial exemption. However, since Latin Express and Fast Bus Lines did not comply with these requirements, Latin Express was not entitled to the partial exemption.[2] We find that under section 212.12(5), DOR properly based its assessment on the only information available to it, the purchase prices of the buses, and that Latin Express did not meet its burden of showing that the assessment amount was incorrect.
AFFIRMED.
ERVIN and DAVIS, JJ., concur.
BARFIELD, C.J., dissents with written opinion.

. Section 212.08(9)(b) provides a partial exemption for the rental of "[m]otor vehicles which are licensed as common carriers by the Interstate Commerce Commission, and parts thereof, used to transport persons or property in interstate or foreign commerce.” It states: "The basis of the tax shall be the ratio of intrastate mileage to interstate or foreign mileage traveled by the carrier’s motor vehicles which were used in interstate or foreign commerce and which had at least some Florida mileage during the previous fiscal year of the carrier....” The last sentence states: "Motor vehicles and parts thereof used exclusively in intrastate commerce do not qualify for the proration of tax.” Rule 12A1.064(4)(a) tracks the language of section 212.08(9)(b), add-mg the following language: "Prior to claiming this partial exemption, common carriers who make any purchases hereunder must register as dealers with the Department and extend in writing at the time of purchase a resale certificate in lieu of tax, stating the specific reasons for exemption.” Rule 12A~1.064(4)(d) provides: "The rental charge for a motor vehicle leased in Florida to a common carrier licensed by the Interstate Commerce Commission to transport persons or property in interstate or foreign commerce qualifies for proration of tax." Rule 12A-1.038 requires the exempt status of a transaction to be established by the dealer and provides that "[a]ny purchases made prior to the effective date of the certificate are subject to tax.”

. We note that Latin Express was also not entitled to the partial exemption provided in 212.06(7) because the transaction at issue, the leasing of the buses to Fast Bus Lines for the purpose of interstate commerce, including use in Florida, was a “sale" and not a “use,” and because of the specific language of section 212.06(8)(a).