PER CURIAM.
The issue in this case is whether appellants are entitled to compensation for certain “development rights” as part of a taking in eminent domain. Appellants contended that these development rights were created by City of West Palm Beach Ordinance No. 2268-89, as amended, referred to as the Downtown Uptown Development of Regional Impact (“DRI”). After a three-day trial on this issue, the trial court entered a concise, well reasoned final judgement which held:
The development rights in question have no value. They were not created by the *756 enactment of the DRI. They do not exist separate and apart from the underlying realty. They were not severable from the realty.
Neither the City nor the Community Redevelopment Agency is estopped in any way from contesting the assignability or value of the subject development rights assigned to Advantage.
These “rights” did not exist to be transferred or assigned.
[Appellants], Advantage West Palm Beach, Inc., Bert Moerings and Marsha Moerings hold no separate, compensable property interest known as development rights, are due no compensation from the West Palm Beach Community Redevelopment Agency and hold no apportionment claim against the owners of land within the DRI.
We agree with the final judgment entered by the trial court. The DRI did not create a species of property known as transferrable development rights. Unlike Palm Beach County, the City of West Palm Beach has never adopted a Transfer of Development Rights Ordinance. Neither the language of the DRI, nor the development process contemplated by the ordinance, support the conclusion that transferrable development rights were created for which appellants are entitled to be compensated. The opaque references by the City’s attorney during a closing argument in a different case did not give rise to an estoppel against inconsistent positions. This is not the rare and exceptional case that justifies the application of the doctrine of equitable estoppel. See State Dep’t of Revenue v. Anderson, 403 So.2d 397, 400 (Fla. 1981).
AFFIRMED.
POLEN, GROSS and TAYLOR, JJ., concur.