878 So.2d 491 (2004)
Monica R. PINELLI, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 1D03-0531.
District Court of Appeal of Florida, First District.
August 4, 2004.
*492 Monica R. Pinelli, pro se.
Laurel Hopper of Department of Children and Families, Ft. Pierce, for Appellee.
PER CURIAM.
Monica R. Pinelli appeals a final order of the Florida Department of Children and Families finding that appellant had failed to inform the Department that a household member had begun employment and ruling that the Department may seek recovery from appellant for the overpayment of food stamp benefits. We affirm.
Appellant argues that she did advise the Department that her daughter was employed and had provided the Department with copies of her daughter's paychecks. We have been provided no record of the proceeding below, however. As the Florida Supreme Court has explained:
Without a record of the trial proceedings, the appellate court cannot properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal. The trial court should have been affirmed because the record brought forward by the appellant *493 is inadequate to demonstrate reversible error.
Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979).
Further, even if appellant had advised the Department of her daughter's employment status and the Department had erroneously over-issued food stamps to appellant, the Department would nevertheless be required to recover the overpayment. When a person receives public assistance to which she is not entitled, whether through mistake or fraud on the part of the Department or on the recipient's part, the Department is mandated by statute to "take all necessary steps to recover the overpayment." § 414.41(1), Fla. Stat. (2002). Thus, even if the food stamp benefits were overpaid due to the Department's error, the Department is required to recoup the overpayments. Willis v. Department of Children and Family Services, 735 So.2d 585 (Fla. 3d DCA 1999); Lewis v. State of Florida, Department of Health and Rehabilitative Services, 659 So.2d 1255 (Fla. 4th DCA 1995).
AFFIRMED.
BARFIELD, VAN NORTWICK and PADOVANO, JJ., concur.